315 A.2d 434.

STATE *vs.* THOMAS R. BEAULIEU.

FEBRUARY 26, 1974.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

ROBERTS, C. J. On March 29, 1971, Thomas R. Beaulieu was indicted on a charge of breaking and entering in the nighttime a building other than a dwelling house with intent to commit larceny therein in violation of G. L. 1956 (1969 Reenactment) §11-8-4. Subsequently, on June 21, 1971, Beaulieu, retracting a prior plea of not guilty, pleaded nolo contendere to the indictment. He was placed on probation for a period of 18 months. Later, on August 27, 1971, during the probationary term, he was charged with having sold two glassine packets of heroin to Domenic F. Capalbo, an undercover narcotics inspector for the Rhode Island Division of Drug Control. As a consequence of the August 27, 1971 sale to Capalbo, Beaulieu was indicted on March 3, 1972, and subsequently on March 30 the state made a motion in the Superior Court to declare him in violation of his probation agreement. See G. L. 1956 (1969 Reenactment) §12-19-9, as amended by P. L. 1970, ch. 87, sec. 1.[1] In the course of the violation hearing, the state

---

[1] General Laws 1956 (1969 Reenactment) §12-19-9, as amended by P. L. 1970, ch. 87, sec. 1, provides: "Whenever any person, who shall have been placed on probation as aforesaid shall violate the terms and conditions of his probation as fixed by the court, the police or the probation authority shall inform the attorney general of such violation, and said attorney general shall cause the defendant to appear before the court. * * * After receiving the report or statement of facts from the police and the probation department, or from the probation authority alone, in open court, in the presence of the defendant, the court may remove the suspension and

refused to disclose the identity of the confidential informant who accompanied Inspector Capalbo at the time he made the purchase, although it did concede that such informant was alive. The court then, on defendant's motion, dismissed the state's motion to declare defendant in violation of his probation agreement,[2] and the state is now prosecuting a bill of exceptions from that ruling.

After briefs were submitted and oral arguments were heard in this case, we sua sponte raised the issue of whether the state was properly before this court on a bill of exceptions. We requested both parties to submit supplemental briefs on this issue. In our opinion, this court does not have jurisdiction to pass upon a bill of exceptions, prosecuted on behalf of the state, from the dismissal of a motion to declare a probationer in violation of a probation agreement.

It is well settled in this jurisdiction that absent a constitutional or statutory provision the state has no right to an appeal in a criminal proceeding. *State* v. *Coleman,* 58 R. I. 6, 190 A. 791 (1937). This rule, however, is subject to one exception. In *Coleman, supra,* this court held that the state could seek and obtain appellate review in a criminal matter by petitioning this court for a writ of certiorari where it appeared that an inferior court had improperly taken jurisdiction or had clearly abused its proper juris-

order the defendant committed on the sentence previously imposed, or impose a sentence if one has not been previously imposed, or may continue the suspension of a sentence previously imposed, as to said court may seem just and proper." This section was amended again in 1972 by P. L. 1972, ch. 169, sec. 25. The amendment gave the trial justice the alternative of imposing a lesser sentence than was previously imposed and suspended.

[2]The trial justice dismissed the motion on the authority of *Roviaro* v. *United States,* 353 U. S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). *See also United States* v. *Skeens,* 449 F.2d 1066 (D.C. Cir. 1971); *United States* v. *Eddings,* 478 F.2d 67 (6th Cir. 1973).

diction. *See also In the Matter of Little,* 103 R. I. 301, 237 A.2d 325 (1968).

Although a probation revocation hearing is not a criminal prosecution, *State v. Bettencourt,* 112 R. I. 706, 315 A.2d 53 (1974), it is, for purposes of appellate review, considered a criminal matter, *Charest v. Howard,* 109 R. I. 360, 285 A.2d 381 (1972), and thus under *Coleman* the state is not properly before this court on a bill of exceptions unless the Legislature has specifically permitted such review by statute.

In 1968 the Legislature enacted G. L. 1956 (1969 Re-enactment) §§9-24-32 and 9-24-33. Under §9-24-32,[3] in any criminal proceeding the Attorney General may prosecute to this court a bill of exceptions to any adverse findings, rulings, decisions, orders, or judgments of the Superior Court or Family Court made at any time before the defendant has been placed in jeopardy. Section 9-24-33 establishes the procedure to be followed when prosecuting such a bill.

---

[3]General Laws 1956 (1969 Reenactment) §9-24-32 provides: "State's right to take exceptions.—In any criminal proceeding, the attorney-general shall have the right to take an exception to any finding, ruling, decision, order or judgment of the superior court or family court, and the attorney-general may prosecute his bill of exceptions to such findings, rulings, decisions, orders or judgments to the supreme court at any time before the defendant has been placed in jeopardy; the defendant in any criminal proceeding may also prosecute his bill of exceptions to any findings, rulings, decision, order or judgment of the superior or family court; and the attorney-general may prosecute his bill of exception thereafter if, after trial, the defendant prosecutes his bill of exceptions. If the attorney-general prosecutes his bill of exceptions to such findings, rulings, decisions, orders or judgments of the superior or family court before the defendant is placed in jeopardy and the defendant prevails in the supreme court, the attorney for the defendant shall be entitled to a reasonable attorney's fee and costs, payable by the state, to be set by the supreme court, incurred in representing the defendant in the prosecution of the attorney-general's bill of exceptions before the supreme court." This section was amended by P. L. 1972, ch. 169, sec. 10, after trial was held on this matter.

Since this is not a petition for writ of certiorari, the state is properly before this court only if it can demonstrate that this bill of exceptions comes within the ambit of §9-24-32. Although §9-24-32 could have been drafted more clearly, it is our opinion that the inclusion of the phrase "before the defendant has been placed in jeopardy" indicates that the Legislature intended §9-24-32 to apply only to exceptions taken at or before trial and did not intend that this section should apply to post-conviction proceedings such as probation revocation hearings. We reach this conclusion for the simple reason that once there has been a lawful and final conviction of an individual, then that individual has been placed in jeopardy. *Green* v. *United States*, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957); *State* v. *Diggins*, 95 R. I. 166, 185 A.2d 300 (1962). Since one who is serving a term of probation has necessarily been convicted of a crime and thus placed in jeopardy, it follows that the Legislature did not intend that §9-24-32 should extend to probation revocation hearings. Accordingly, this court is without jurisdiction to pass upon this bill of exceptions.

The state's bill of exceptions is overruled, and the case is remitted to the Superior Court for further proceedings.

*Richard J. Israel,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, *Edward E. Dillon, Jr.,* Special Asst. Attorney General, for plaintiff.

*Bevilacqua & Cicilline,* for defendant.