348 A.2d 368.

STATE *vs.* MENDES K. ALEXANDER.

DECEMBER 11, 1975.

PRESENT: Paolino, Joslin, Kelleher and Doris, JJ.

492

DORIS, J. This is an indictment charging the defendant, Mendes K. Alexander, with the commission of the crime of rape on June 4, 1971. The defendant entered a plea of not guilty and thereafter trial commenced on June 20, 1973, before a Superior Court justice sitting with a jury.

The record indicates that the jury was impaneled and the first witness for the state was the prosecutrix. She testified that on June 4, 1971, she was a student at Roger Williams College, and at approximately 10 p.m. that evening she was in front of the Colonial Apartments on the East Side of Providence after just leaving the Colonial Pharmacy. She stated that while in the pharmacy she met two young men, both of whom she had seen at the Roger Williams campus. The prosecutrix related that a third young man joined them and after talking with them for awhile, she drove her car to her home where she left the car. She then joined the young men in their car and returned to the East Side area where they stopped at a restaurant to eat. After leaving the restaurant, they drove around in the car for a short time and eventually stopped

in a residential area on the lower East Side at about one or two o'clock in the morning.

The record indicates that the following took place:

"Q At this location of North Main Street, did you go into any particular dwelling or any structure?

"A No, we were going to. We got out of the car. They said they had some friends and that we could smoke marijuana in his apartment. At the time I used to smoke at the dorm once in a while. That's the only drug I ever used, by the way."

The public defender representing defendant objected and moved to strike the witness's answer. After questioning by the trial justice, the prosecutor stated that he had not warned the witness in regard to self-incrimination. The jury was thereupon excused, and the public defender moved that the indictment be dismissed on the ground that the prosecutor had failed to properly advise the prosecutrix of her right not to incriminate herself. The trial justice granted defendant's motion and ordered the indictment dismissed. The case is before us on the state's appeal from the dismissal of the indictment.

The state's contention on appeal is that the trial justice abused his discretion in dismissing the indictment. Before we reach that contention, however, we first consider the issue raised by defendant as to whether the state's appeal is properly before this court.

It is well settled in Rhode Island that absent a constitutional or statutory provision the state has no right to appeal in a criminal proceeding. *State* v. *Beaulieu,* 112 R. I. 724, 315 A.2d 434 (1974); *State* v. *Coleman,* 58 R. I. 6, 190 A. 791 (1937).

General Laws 1956 (1969 Reenactment) §9-24-32 provides that in any criminal proceeding, the Attorney General may appeal to this court from any adverse findings, rulings, decisions, orders, or judgments of the Superior Court or Family Court made at any time before the de-

fendant has been placed in jeopardy. Since there are no constitutional provisions applicable in this case, it is apparent that the state may appeal in the instant case only under the provisions of §9-24-32.[1]

The defendant argues that §9-24-32 being in derogation of the common law should be strictly construed. He argues that by reason of the language "before the defendant has been placed in jeopardy" employed in §9-24-32 the state's appeal is improperly before us and that this court lacks jurisdiction to hear the instant appeal. The resolution of the issue here is dependent on the answer to the question when is the defendant placed in jeopardy. The general rule established by the preponderance of judicial opinion and the best considered cases is that when a person has been placed on trial on a valid indictment or information before a court of competent jurisdiction, has been arraigned, and has pleaded, and a jury has been impaneled and sworn, he is in jeopardy, but that until these things have been done jeopardy does not attach. *United States* v. *Jorn,* 400 U. S. 470, 91 S.Ct. 547, 27 L.Ed. 2d 543 (1971); *Green* v. *United States,* 355 U. S. 184, 78

---

[1]General Laws 1956 (1969 Reenactment) §9-24-32 reads as follows:

"State's right to appeal.—In any criminal proceeding, the attorney-general shall have the right to object to any finding, ruling, decision, order or judgment of the superior court or family court, and the attorney-general may appeal such findings, rulings, decisions, orders or judgments to the supreme court at any time before the defendant has been placed in jeopardy; the defendant in any criminal proceeding may also appeal any findings, rulings, decision, order or judgment of the superior or family court; and the attorney-general may appeal thereafter, if, after trial, the defendant appeals. If the attorney-general appeals such findings, rulings, decisions, orders or judgments of the superior or family court before the defendant is placed in jeopardy and the defendant prevails in the supreme court, the attorney for the defendant shall be entitled to a reasonable attorney's fee and costs, payable by the state, to be set by the supreme court, incurred in representing the defendant in the prosecution of the attorney-general's appeal before the supreme court."

S.Ct. 221, 2 L.Ed.2d 199 (1957); *Wade* v. *Hunter,* 336 U. S. 684, 69 S.Ct. 834, 93 L.Ed. 974 (1949); *Cardenas* v. *Superior Court,* 56 Cal.2d 273, 363 P.2d 889, 14 Cal. Rptr. 657 (1961); *People* v. *Friason,* 22 Ill.2d 563, 177 N.E.2d 230 (1961); *State* v. *Slorah,* 118 Me. 203, 106 A. 768 (1919).

Here, the record clearly indicates that when the trial justice dismissed the indictment, the jury had been duly impaneled and sworn and the defendant had therefore been placed in jeopardy. The dismissal of the indictment on the defendant's motion by the trial justice therefore took place after the defendant was placed in jeopardy. The language of §9-24-32 clearly limits the authority of the Attorney General to appeal "before the defendant is placed in jeopardy."

Under the circumstances here, it is clear that the defendant had already been placed in jeopardy when the trial justice dismissed the indictment, and therefore the Attorney General's appeal does not fall within the provisions of the statute. The appeal of the Attorney General is denied and dismissed and the case is remitted to the Superior Court.

Mr. Chief Justice Roberts did not participate.

*Julius C. Michaelson,* Attorney General, *Judith Romney Wegner,* Special Asst. Attorney General, for plaintiff.

*William F. Reilly,* Public Defender, *Joseph L. DeCaporale,* Asst. Public Defender, for defendant.