402 A.2d 1182.

STATE *vs.* RONALD L. LEVESQUE.

JUNE 22, 1979.

PRESENT: Bevilacqua, C.J., Kelleher, Doris and Weisberger, JJ.

BEVILACQUA, C.J.   This is an appeal in a criminal action in which a Superior Court justice sitting without a jury found the defendant guilty of possessing marijuana in violation of G.L. 1956 (1969 Reenactment) §21-28-4.01(C)(1)(b).

The record discloses the following facts. On July 4, 1976, while defendant was operating a motor vehicle without a front registration plate, a state police officer stopped him and asked for his driver's license and registration. As defendant searched the glove compartment for his registration, the police officer observed a prescription drug container. Following a discussion between the two parties concerning the contents of the container, the police officer asked defendant if he could see the container. The defendant then handed the

container to the police officer, who opened it to view the contents.

The police officer testified that he observed four or five pills marked "Delamane," three or four pills initialed "ANC" and five purple tablets without any markings. He further testified that he recognized the five purple tablets as being a street drug commonly known as T.H.C. At this time the officer asked defendant to step from his vehicle, advised him of his constitutional rights and placed him under arrest. Prior to being placed in the police cruiser, defendant was given a pat-down search that disclosed a plastic bag in his left trouser pocket. The officer testified that when he inspected the bag, he believed it contained marijuana. This bag was also seized. The defendant was then transported to the state police barracks.

In Superior Court, defendant was charged in a three-count criminal information: Count 1 alleged unlawful possession of flurazepam, Count 2 alleged unlawful possession of phencyclidine and Count 3 alleged unlawful possession of marijuana in violation of G.L. 1956 (1968 Reenactment) §21-28-4.01(C)(1)(a), -(b). Prior to trial, defendant made a motion to suppress all of the seized evidence. The trial justice, however, postponed ruling on the motion until the close of testimony.

At that time, the trial justice granted defendant's motion to suppress the flurazepam and phencyclidine. He based this ruling upon his conclusion that the police officer's search of the prescription drug container's contents was illegal. The trial justice refused, however, to suppress the marijuana. He reasoned that the police officer had a right to execute a pat-down search of defendant because of the motor vehicle violation.[1] Following these rulings, the trial justice found defen-

---

[1]Although the police officer initially stopped the defendant's vehicle for an alleged motor vehicle offense, the police officer's testimony clearly indicates that he arrested the defendant because of the pills and tablets found in the prescription drug container. The record therefore does not substantiate the trial justice's conclusion that the police officer conducted a pat-down search of the defendant because of a motor vehicle violation.

dant guilty of Count 3 of the information. It is from this judgment of conviction that defendant has appealed to this court.

The defendant argues that because the search and seizure of the pills were found to be illegal by the trial justice, the search and seizure subsequent to the arrest, which revealed the marijuana, were likewise unlawful. The state counters that the search and seizure of the marijuana were legal because they were incident to a lawful arrest. The state bolsters this contention in its assertion that defendant consented to the officer's search of the prescription drug container. Because this consent rendered the search lawful, the state further contends that the police officer had probable cause to arrest defendant. Thus, according to the state, the search, which was incident to the lawful arrest, and which revealed the marijuana, was proper.

In ruling on defendant's motion to suppress the seized evidence, the trial justice initially found that defendant did not consent to the police officer's search of the prescription drug container. In making this ruling, the trial justice ruled, in effect, that the initial search and seizure was illegal. In its brief the state is apparently arguing that the trial justice erred in this conclusion and that this court should reverse his finding. The state, however, has failed to appeal this ruling on either the statutory or constitutional grounds provided for in this jurisdiction. *See State* v. *Alexander,* 115 R.I. 491, 493, 348 A.2d 368, 370 (1975). Therefore, we will not disturb this ruling.

The sole issue before us is whether the trial justice erred when he refused to suppress the marijuana.

It is well settled that evidence obtained as a result of a search incident to a lawful arrest is legally competent and therefore admissible to support the conviction of a defendant. In order for such evidence to be competent, however, it must be the product of a lawful arrest. If the arrest is unlawful, the evidence is inadmissible. *State* v.

*McWeeney,* 100 R.I. 394, 401, 216 A.2d 357, 361 (1966); *State* v. *Mercurio,* 96 R.I. 464, 468, 194 A.2d 574, 576 (1963).

In the case at bar the record discloses that the officer placed the defendant under arrest after observing the pills in the container. As a result of that arrest, he searched the defendant and seized the marijuana. We hold that because the trial justice found that the arrest was illegal, the evidence that resulted from the search incident to the arrest was likewise illegal. Because the marijuana was seized as a result of the unlawful arrest, and the police officer did not derive knowledge of the marijuana from an independent event, the marijuana should have been suppressed.[2] Thus the trial justice was clearly wrong in failing to grant the defendant's motion to suppress.

The defendant's appeal is sustained, the judgment of conviction is reversed, and the case is remanded to the Superior Court.

Mr. Justice Joslin did not participate.

*Dennis J. Roberts II,* Attorney General, *Charles D. Schrock,* Special Assistant Attorney General, for plaintiff.

*Aram K. Berberian,* for defendant.

---

[2] *Wong Sun* v. *United States,* 371 U.S. 471, 484-85, 83 S.Ct. 407, 415-16, 9 L.Ed. 2d 441, 453-54 (1963).