[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This case is before the Court on claimant's motion to dismiss the State's notice of appeal from a District Court decision. Jurisdiction in this Court is pursuant to G.L. 1956 (1985 Reenactment) § 8-2-17.
FACTS AND TRAVEL
This matter arises out of a civil forfeiture proceeding brought by the State of Rhode Island pursuant to G.L. 1956 (1989 Reenactment) § 21-28-5.04.2. The subject property is a 1990 Chevrolet Corvette, Vin #1G1YY3388L5111488. The vehicle was seized from the garage of Oscar Caba in the spring of 1992 pursuant to his arrest for narcotics offenses. The claimant, Jacqueline Francisco, sister of Oscar Caba, claims that she is the owner of the vehicle and that it was not purchased with drug-related monies.
In a written decision, a justice of District Court found that the State had failed to demonstrate probable cause that the vehicle had been purchased with drug-related funds as required by the forfeiture statute. See State v. One 1990 ChevroletCorvette VIN #1G1YY3388L5111488, C.A. 92-11819, November 2, 1993, Rahill, J. Consequently, the court held that the vehicle was improperly seized and must be returned to the claimant. Id.
at 3. The State appealed the District Court's denial of forfeiture to this Court.
Claimant contends that the State's appeal of this case to the Superior Court violates the double jeopardy protections provided in the Fifth Amendment to the United States Constitution as applied to the State through the Fourteenth Amendment and Article I, § 7 of the Rhode Island Constitution. Claimant argues that the civil forfeiture statute is criminal in nature and triggers double jeopardy protections. Further, the claimant argues that if the State is permitted to appeal it will be given an opportunity to reprosecute an action after an acquittal. The State contends that the appeal is proper and that double jeopardy is not applicable in a civil proceeding.
DOUBLE JEOPARDY
The double jeopardy clause of the Rhode Island and United States Constitutions protects criminal defendants in three situations: it bars a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense. NorthCarolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed. 656, 665 (1969). Since the claimant has not been convicted of any charges prior to the forfeiture proceeding, the only protection implicated on these facts is the bar to second prosecution after acquittal.
Generally, double jeopardy prohibitions do not arise in a civil proceeding. Ventures Management Co., Inc. v. Geruss,434 A.2d 252, 254 (1981). Recently, though, in United States v.Halper, the United States Supreme Court noted that the distinction between "criminal" and "civil" is not of paramount importance in determining if double jeopardy protections are applicable in a particular situation. 490 U.S. 435, 447, 109 S. Ct. 1892, 104 L.Ed 487 (1989). The Court found that a civil sanction may constitute punishment for the purpose of double jeopardy when, as applied in an individual case, it serves the goals of punishment. Id. at 448. The Court's reasoning may be applied with equal force to a multiple prosecution case.
This Court is further guided by a 1983 decision by the Rhode Island Supreme Court. In Board of License Commissioners of theTown of Tiverton v. Pastore, the Court decided that although a liquor license revocation was technically a civil proceeding, it was "in substance and effect a quasi-criminal proceeding since its object is to penalize for the commission of an offense against the law." 463 A.2d 161, 165 (R.I. 1983). The Court concluded that since the proceeding was quasi-criminal in nature the protections afforded by the Fourth Amendment exclusionary rule were applicable to exclude illegally obtained evidence.Id. at 166.
It is clear that the civil forfeiture statute as applied in this case is quasi-criminal in nature. As applied to this claimant, the forfeiture is punitive. The facts do not implicate a remedial purpose for the forfeiture. This is exactly the kind of situation that the double jeopardy clause was meant to prohibit. To allow the State to appeal from an acquittal on these facts will merely give the State, with its vast resources, a second chance to attempt to prove that the car was bought with drug-related monies. See United States v. DiFrancesco,449 U.S. 117, 128-29, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980).
Furthermore, absent a constitutional or statutory provision, the State has no right to appeal in a criminal proceeding. Statev. Alexander, 115 R.I. 491, 493, 348 A.2d 368, 370 (1975). This Court finds this rule equally applicable to a quasi-criminal proceeding.
Both § 21-28-5.04.2(j) and G.L. 1956 (1981 Reenactment) §12-21-30 provide a mechanism for an appeal from judgment of forfeiture. The statutes provide that an appeal may be "taken in like manner as by defendants in criminal cases . . ." Sections21-28-5.04.2(o) further provides that "upon entry of judgment for the claimant in any proceeding to forfeit property . . . the property shall be returned forthwith to the claimant." The rule of statutory construction regarding special and general statutes provides:
 Whenever a general provision shall be in conflict with a special provision relating to the same or to a similar subject, the two (2) provisions shall be construed, if possible, so that effect may be given to both; and in those cases if effect cannot be given to both, the special provision shall prevail and shall be construed as an exception to the general provision.
G.L. 1956 (1988 Reenactment) § 43-3-26.
Section 12-21-30 is a general statute covering all appeals from forfeiture proceedings. Section 21-28-5.04.2 is a special statute covering forfeitures for certain narcotics offenses. Although the statutes are somewhat ambiguous, a reading of each statute reveals no clear intention to grant the State a right to appeal. Further, pursuant to § 43-3-26, the special provision prevails over the general provision. See Casey v. Sundlun,615 A.2d 481, 483 (1992). Section 21-28-5.04.2 is clear in its directive that upon judgment for the claimant the property shall be returned to the claimant.
In summary, this Court finds that the civil forfeiture statute as set forth in § 21-28-5.04.2 is quasi criminal in nature. Its purpose as applied in this case is punitive rather than remedial. Further, the double jeopardy prohibitions of the Fifth Amendment of the United States Constitution as applied to the States through the Fourteenth Amendment and Article I § 7 of the Rhode Island Constitution bar the State from reprosecuting this claimant following an acquittal in District Court. Finally, the forfeiture statute at issue in this case does not provide the State with a means of appeal.
Accordingly, the Court grants claimant's motion to dismiss the State's notice of appeal and orders that the subject property be restored forthwith to the claimant.
Counsel shall submit an appropriate order for entry.