J. Vincent Keogh, J.
Plaintiff moves for summary judgment, defendant cross-moves for similar relief and plaintiff further moves to amend her complaint by adding an additional cause of action. On the return day of the motions plaintiff requested leave to withdraw her motion for summary judgment. A moving party has the absolute right prior to final submission to withdraw a motion (Oshrin v. Gelanese Corp. of America, 37 N. Y. S. 2d 548, affd. 265 App. Div. 923, affd. 291 N. Y. 170). Accordingly, plaintiff’s motion for summary judgment is deemed withdrawn.
The action is for a declaratory judgment that plaintiff is the owner of certain premises and that the present record owner and his predecessors in title never owned or had title to the same.
*1016 The premises were owned in 1939 by one Jennie Leader. At her death on October 17, 1939 her husband Louis Leader and her adopted son, Sidney Leader, one of the defendants herein, became the owners of the property as tenants in common. Later that year Louis Leader married the plaintiff herein and continued to be married to her until the date of his death on December 2, 1952. On August 7, 1941 Sidney Leader conveyed his interest in the property to Louis Leader, with the deed providing as follows:
‘6 It is distinctly understood and agreed by and between the respective parties hereto that should the grantee Louis Leader, die, possessed of the aforesaid real property, then upon the death of Louis Leader, the aforesaid real property shall automatically and promptly become the property of Sidney Leader, his heirs and assigns forever; and the unrecorded second mortgage in the amount of Two Thousand ($2000) Dollars dated December 12, 1928 made by Jennie Leader and Frances Silver-stein to Louis Leader shall be cancelled and discharged.
‘ ‘ In consideration of the mutual promises and exchanges, it is the distinct understanding, agreement and arrangement between the parties hereto that Louis Leader is to have and enjoy a life estate in the afore-described premises with full power of sale and disposition of the entire fee simple by grant or conveyance during his lifetime and to become effective during his lifetime, but should the said Louis Leader, die, possessed of the said real property, the entire fee simple shall remain and revest free and clear of the above mentioned Two Thousand ($2000) Dollars xxnrecorded second mortgage to Sidney Leader, his heirs and assigns forever.”
Immediately after the death of Louis Leader, Sidney Leader took possession of the premises. The plaintiff attorned to him as tenant and paid rent to him until he sold the premises to the defendant Loxiis Zweig. Plaintiff continued to pay rent to the new owner until he sold the same to the defendant Israel Honigman in August, 1956. She is now paying rent to Honig-man.
In the proceedings to settle Louis Leader’s estate no claim xvas made that the latter owned the premises at the time of his death or that such premises descended to plaintiff under the residuary clause of his will. The only claim was that Louis Leader had a life estate in the premises which terminated on his death and that Sidney Leader then became the absolute owner thereof.
Plaintiff asserts that the premise of the deed from Sidney Leader to Louis Leader granted to the latter a fee simple *1017 and that the paragraphs of the deed above quoted are of no effect. In construing a deed of real property each and every part of the deed is to be read together to ascertain the intent of the parties and the legal effect of the instrument (Real Property Law, § 240, subd. 3; Loch Sheldrake Associates v. Evans, 306 N. Y. 297; Blackman v. Striker, 142 N. Y. 555). The language of the entire deed makes it clear that the deed conveyed to Louis Leader a life estate in the premises with an absolute power of disposing of the same for his own benefit during his lifetime and that if he failed to exercise such power in his lifetime the future estate of Sidney Leader would ripen into a fee absolute upon Louis Leader’s death. There is no repugnancy in the disposition of real property in such manner (see Real Property Law, § 149; McKeown v. Officer, 53 Hun 634, opinion in 6 N. Y. S. 201; Matter of Davies, 242 N. Y. 196).
Accordingly, defendant’s motion for summary judgment is granted. The motion of plaintiff to amend her complaint is denied because the moving papers do not include any affidavit of merits (Bedarf v. Rosenbaum, 286 App. Div. 1103) and it is not apparent that the proposed amendment has any merit. Settle order on notice.