[L. A. No. 26406. In Bank. July 20, 1961.]

FIDEL CARRILLO CARDENAS, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; THE PEOPLE, Real Party in Interest.

David C. Marcus for Petitioner.

No appearance for Respondent.

William B. McKesson, District Attorney, Harry Wood and Robert J. Lord, Deputy District Attorneys, for Real Party in Interest.

DOOLING, J.—Petitioner seeks a writ of prohibition to prohibit any further proceedings upon an information charging him with the crime of possessing narcotics. The record shows the following facts:

Petitioner was arrested and charged by information with possessing heroin and marijuana in violation of Health and Safety Code, section 11500. He was arraigned, and the matter

came to trial on April 25, 1961. A jury was impaneled, and a number of witnesses testified for the prosecution and underwent defense counsel's cross-examination. Petitioner took the stand and testified in his own behalf. Upon cross-examination by the prosecutor, petitioner was asked a question which caused defense counsel to object and to move for a mistrial. The prosecutor joined in the motion. There ensued a dispute between defense counsel and the prosecutor as to the procedural effect of the prosecutor's having joined in the motion for a mistrial, the trial court indicating that the turn taken by the proceedings "is all right with me." Defense counsel then requested that his motion be withdrawn, and the prosecutor asked the court to rule on the motions as they stood. The trial judge called both attorneys into chambers, where proceedings which do not appear in the record took place. When 'the proceedings resumed in the courtroom, defense counsel again requested that his motion for a mistrial be withdrawn. The request was denied. The motion for a mistrial was thereupon granted. Defense counsel then moved that any further proceedings against petitioner be dismissed on the ground that he had now been once placed in jeopardy. This motion was denied and a date for resetting the trial was scheduled. When defendant and his counsel appeared for resetting, defendant entered a plea of once in jeopardy based upon the discharge of the jury at the prior trial without his or his counsel's consent.

We are satisfied that under the facts shown by the record the plea of once in jeopardy is good and the writ sought by petitioner should issue. ██ It is settled that where a plea of once in jeopardy is good, a writ of prohibition may issue to prevent the unnecessary expense and delay attendant upon a futile trial and appeal. (*Jackson* v. *Superior Court*, 10 Cal.2d 350, 352-353 [74 P.2d 243, 113 A.L.R. 1422].) ██ Once the jury "has been impaneled and sworn jeopardy attaches, and a dismissal of the case, when not authorized by law and without the consent of the defendant, after the jury has been sworn and the trial actually commenced is equivalent to an acquittal of the charge and will constitute former jeopardy on a subsequent trial on the same charge." (*Jackson* v. *Superior Court, supra,* at p. 356.)

Our attention has been called to *Gori* v. *United States,* 367 U.S. 364 [81 S.Ct. 1523, 6 L.Ed.2d 901], wherein a bare majority of the United States Supreme Court held that the granting of a mistrial on the court's own motion without the

defendant's consent, but for the defendant's benefit, does not as a matter of law place the defendant in jeopardy under the Fifth Amendment to the United States Constitution. This holding does not accord with the uniform construction placed by this court upon the jeopardy provision of the California Constitution contained in article I, section 13. (*Jackson* v. *Superior Court, supra*; *People* v. *Hunckeler,* 48 Cal. 331, 334; *People* v. *Webb,* 38 Cal. 467, 477-478.) ▉ As stated in Jackson, 10 Cal.2d at page 357: Once the jury is charged with the defendant's deliverance "[h]is jeopardy is real and he cannot be again subjected to jeopardy unless the jury be discharged without rendering a verdict, *by his consent,* or *upon some legal necessity* resulting from physical causes *beyond the control of the court."* (Emphasis added.)

▉ The defendant's motion for a mistrial, where it is granted by the court, operates as a waiver of the claim·of once in jeopardy. (*People* v. *Mills,* 148 Cal.App.2d 392, 395 [306 P.2d 1005].) ▉ The narrow question presented by this record is whether a defendant, after he has made a motion for a mistrial and before the court has acted upon it, may effectively withdraw his motion. We are satisfied that he can. While we have found no direct authority upon the precise question in this state, we can see no good reason why a party making a motion during the course of a trial may not, upon reflection, withdraw it at any time before the court has made an order responsive to the motion. Such authority as we have found in other jurisdictions fully accords with this view. (*Leader* v. *Leader,* 8 Misc.2d 1015 [166 N.Y.S.2d 784, 785]; *Oshrin* v. *Celanese Corp. of America,* 37 N.Y.S.2d 548, 550; *Wilcox* v. *Hedwall,* 186 Minn. 504 [243 N.W. 709, 711]; *cf. Jensen* v. *Barbour,* 12 Mont. 566 [31 P. 592, 593].) If something had occurred to prejudice the opposing party by the motion's withdrawal, a different question would be presented; for example, it has been held that on a noticed motion, where the opposing party has incurred costs in preparing to oppose it, the motion may not be withdrawn without the payment of such costs. (*Walkenshaw* v. *Perzel,* 32 N.Y. (How. Pr.) 310, 311.) ▉ But the People can show no prejudice here, since the withdrawal of the motion would have allowed the trial to proceed and would have amounted to a waiver of any claim of prejudice from the incident by petitioner thereafter, either on appeal or on motion for a new trial or otherwise. This was not a case in which counsel's conduct led the court to believe that he was consenting to a mistrial, as in

*People* v. *Kelly,* 132 Cal.App. 118 [22 P.2d 526], relied upon by the People. ■ The record is clear that counsel was not consenting and the case thus must be treated as one in which the mistrial was granted on the prosecutor's motion over the petitioner's objection, a situation which clearly supports the plea of once in jeopardy. (*Jackson* v. *Superior Court, supra,* 10 Cal.2d at pp. 351-352.)

The further suggestion that the trial court's remark, "It is all right with me," made during the discussion of the effect of the joinder in the motion by the prosecutor, might be construed as a granting of the petitioner's motion before it was withdrawn, is in no way borne out by the record.

It is ordered that the writ of prohibition issue as prayed.

Gibson, C. J., Traynor, J., Schauer, J., Peters, J., and White, J. concurred.

McComb, J., dissented.