JEFFERSON, J.
 

 This appeal presents the question whether defendant was tried on a charge after having been once in jeopardy.
 

 Charged by information with attempted robbery, defendant pleaded not guilty. On January 18, 1966, a jury was impaneled and sworn.
 
 [1]
 
 After the information was read, the trial judge called a noon recess, indicated the court would reconvene at 2 p.m. that afternoon and admonished the jury not to converse among themselves or with any third person upon any issue involved in the case. Between 2 and 3 :10 p.m., outside the presence of the jury, an off-the-record discussion took place in chambers between the court and counsel for the parties. When the trial reconvened, the judge called a police officer to the witness stand.
 

 In response to questioning by the judge, the officer testified that he had observed defendant conversing with two of the jurors during the recess period. The officer’s testimony was as follows:
 

 “The Court: During the recess, while the jury was in the hall, did you observe any members of the jury talk with the defendant, or the defendant approach any of the jurors ?
 

 “The Witness: Yes, sir, I did.
 

 “The Court: And which juror did you see being approached by the defendant ?
 

 ‘ ‘ The Witness : The first juror was a lady in the green dress with the gray hair, who went for a drink of water, and on her
 
 *441
 
 way back to the seat, the defendant struck up a conversation with her.
 

 “The Court: Did you hear what the conversation was?
 

 “The Witness: No, sir, I did not.
 

 “The Court: But you did observe a conversation taking place ?
 

 ‘ ‘ The Witness : Yes, sir, and also with the lady in the white blouse with the pearls, who went to get a drink of water, and the defendant struck up a conversation with her and brought her a glass of water.
 

 “The lady went for a drink of water and the defendant brought her a glass of water, striking up a conversation with the juror. Then he made a gesture to the entire jury, asking if they wanted water also.
 

 “The Court: How long did this take place, approximately in time ?
 

 “The Witness: Approximately over 20 to 30 minutes period of time, sir.
 

 “The Court: The defendant made a gesture toward all the jurors with respect to supplying them with water?
 

 “The Witness: Yes, sir, he did.”
 

 Upon completion of this testimony, the court, without more, declared a mistrial, ordered the jury discharged and ordered that defendant serve five days in jail for contempt of court. Defense counsel asked to be heard. He stated that, while his client heard the admonition to the jury not to discuss with anyone any matters concerning the trial, “there is no indication that that was at all what was discussed.” Counsel further stated that he felt responsible for what happened because he had not warned defendant to stay completely away from the jurors.
 

 When counsel began to speak on the question of defendant’s intent, the judge interjected:
 

 “The Court : There is no question what the intent was. He wanted to influence the jury so that they would have a doubt and so that some of them would have sympathy for him.
 

 “A mistrial is declared. If you want to put something on with respect to contempt, you may do so, but I am putting him in jail for five days for contempt of court. You may put on any testimony you wish in that respect. ’ ’
 

 The following discussion then took place between the court and defense counsel:
 

 “Mr. Lbwellen : Did you want me to do this now or did you want to discharge the jury ?
 

 
 *442
 
 . “The Court: He will be in the County Jail. Bail is exonerated. The jury is discharged. You are free now. You will receive your check in the due course of mail.
 

 “Mr. Lewellen : Could the defendant be heard now on this ?
 

 1 ‘ The Court : The jury does not have to stay, but you may, because some of the jurors may be called as witnesses here.
 

 “Mr. Lewellen: Well, your Honor, I would like to call these people and find out what was said. I haven’t even talked to them. I don’t know but before the man is held in contempt, I would like to call them.
 

 “The Court: It does not matter what they say. He is in contempt of court. But you may put them on the stand and make them understand too, the seriousness of the oath they are taking and the admonition they were all given.
 

 “Mr. Lewellen: It is embarrassing if there is no chance.
 

 “The Court: You may put them on. I am not stopping you. If you want to put him on the stand, or put all of them on the stand, you may do so.
 

 “Mr. Lewellen: I would like to call the defendant for the limited purpose only of discussing the matter of the contempt.
 

 “The Court: All right, put him on. Swear the witness.”
 

 Defendant then testified, denying that he had talked with any of the jurors; he had returned to the court room after eating lunch; while the attorneys were in the judge’s chambers, he walked back out into the hall; there was a water cooler in the hall; he went over to it and had a drink; one of the lady jurors walked up; as a courtesy, he asked if he could fill her cup for her; she gave no reply so he filled the cup, gave it to her and she walked away; he then turned around and asked, “Does anybody else want some?”; at this time some of the jurors were in the hall and the rest were in the court room; the bailiff was by the cooler putting cups in the rack.
 

 Upon being recalled, the officer testified that when he saw defendant speaking to the jurors, the bailiff was not present.
 

 The bailiff testified he had not observed defendant talking to any of the jurors. However, he had spent part of the time during the recess in the judge’s chambers.
 

 None of the jurors were asked to testify. The judge reset the trial for February 1,1966, before a new jury.
 

 On February 1st, before the new jury was chosen, defendant was permitted to enter a plea of once in jeopardy. The court denied the motion. The ease was thereafter tried and
 
 *443
 
 defendant was found guilty as charged. His appeal is from the judgment.
 

 Once a jury has been impaneled and sworn to try a defendant, jeopardy attaches, and its subsequent discharge when not authorized by law or by defendant’s consent, is equivalent to an acquittal and constitutes former jeopardy, barring retrial.
 
 (Cardenas
 
 v.
 
 Superior Court,
 
 56 Cal.2d, 273, 275 [14 Cal.Rptr. 657, 363 P.2d 889, 100 A.L.R.2d 371] ;
 
 Hutson
 
 v.
 
 Superior Court,
 
 203 Cal.App.2d 687, 689 [21 Cal.Rptr. 753].)
 

 Penal Code section 1141 provides: “In all cases where a jury is discharged or prevented from giving a verdict by reason of an accident or other cause, except where the defendant is discharged during the progress of the trial, or after the cause is submitted to them, the cause may be again tried.”
 

 As to what constitutes sufficient “cause” to authorize the discharge of a jury, the courts have required a showing that there exists “some legal necessity resulting from physical causes beyond the control of the court.”
 
 (Jackson
 
 v.
 
 Superior Court,
 
 10 Cal.2d 350, 357 [74 P.2d 243, 113 A.L.R. 1422] ;
 
 Cardenas
 
 v.
 
 Superior Court, supra,
 
 56 Cal.2d 273, 276;
 
 Hutson
 
 v.
 
 Superior Court, supra,
 
 203 Cal.App.2d 687, 691.) A showing of misconduct on the part of a member of the jury, oi that he is incapable for some reason to discharge his duty, presents legal necessity or cause for discharge where there is no alternate to sit for him.
 
 (In re Devlin,
 
 139 Cal.App.2d 810, 812 [294 P.2d 466] ; Pen. Code § 1123.)
 

 The determination as to whether the required legal necessity exists is a matter left to the discretion of the trial court. However, “ 1 [t]he power of the Court to discharge a jury without the consent of the prisoner is not an absolute, uncontrolled discretionary power. It must be exercised in accordance with established legal rules and a sound legal discretion in the application of such rules to the facts and circumstances of each particular case, and in this State is subject to review by an appellate Court.’ [Citation.]”
 
 (Paulson
 
 v.
 
 Superior Court,
 
 58 Cal.2d 1, 6 [22 Cal.Rptr. 649, 372 P.2d 641] ;
 
 Mitchell
 
 v.
 
 Superior Court,
 
 207 Cal.App.2d 643, 648 [24 Cal.Rptr. 671].)
 

 The trial court’s action in summarily declaring a mistrial solely on the basis of the officer’s testimony that he had observed defendant talking with two of the jurors during the recess on their way back to the court room from the water cooler, was unjustified and constituted an abuse of discretion.
 
 *444
 
 Before the matter was ruled on, defendant should have been given a reasonable opportunity to present his version of the incident and with proper participation by his counsel.
 

 In a nutshell, the circumstances called for a hearing to determine what had actually taken place. Particularly apt here is the language of the court in
 
 Mitchell
 
 v.
 
 Superior Court, supra,
 
 207 Cal.App.2d 643, 650: “ A jury should not be discharged in the absence of legal necessity, and it appears that in this case no attempt was made to determine that question and the decision was made by a judge not in a position to make such observation as would enable him to arrive at a proper decision. ’ ’
 

 Since the discharge of the jury was neither consented to by defendant nor shown to be authorized by law, jeopardy attached and barred the retrial of defendant.
 

 The judgment is reversed.
 

 Piles, P. J., and Kingsley, J., concurred.
 

 A petition for a rehearing was denied November 20, 1967, and respondent’s petition for a hearing by the Supreme Court was denied December 20, 1967. Mosk, J., was of the opinion that the petition should be granted.
 

 [1]
 

 This was the beginning of the second trial in this ease, a previous trial having ended (in November 1965), with the jury unable to reach a verdict. However, no issue is presented here concerning that trial.