[Civ. No. 12463. Third Dist. Jan. 30, 1970.]

WALTER GEORGE STURMS, Petitioner, v.
THE JUSTICE COURT FOR THE WOODLAND
JUDICIAL DISTRICT OF YOLO COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

Young & Nareau and Robert J. Nareau for Petitioner.

No appearance for Respondent.

Thomas C. Lynch  Attorney General, and Eddie T. Keller, Deputy Attorney General, for Real Party in Interest.

## OPINION

**FRIEDMAN, J.**—Petitioner seeks a writ of prohibition to stay further criminal proceedings in the Justice Court of the Woodland Judicial District of Yolo County on the ground of former jeopardy. No person may be twice put in jeopardy for the same offense  (Cal. Const., art. I, § 13; Pen. Code, § 1023.)  ■   Where a plea of once in jeopardy is good, prohibition will lie to prevent a retrial. (*Cardenas* v. *Superior Court,* 56 Cal.2d 273, 275 [14 Cal.Rptr. 657, 363 P.2d 889, 100 A.L.R.2d 371].)

The amended complaint contains two counts: a charge of failure to yield the right of way in violation of Vehicle Code section 21801 and a charge of failure to comply with the hit-and-run statute, Vehicle Code section 20001. Both charges arose out of the same incident.

Petitioner went to trial on these two counts before a jury on February 20, 1969. The jury deliberated for approximately six hours, then advised the court it had reached a verdict on one of the counts but was hopelessly deadlocked on the other. Consulting the attorneys, the court asked them if they would stipulate that it might receive the verdict to which the jury had agreed. The prosecuting attorney refused so to stipulate. The court then declared a mistrial and, without identifying the count upon which the jury had agreed, discharged the jury. Petitioner' consent was neither sought nor given.

The prosecution then secured a retrial date. After an unsuccessful justice court plea of once in jeopardy, petitioner sought and was denied relief in the superior court. This proceeding followed.

■   Once a jury trial has commenced, the defendant is in jeopardy, and any unwarranted discharge of the jury thereafter gives rise to the defense of double jeopardy. The discharge is unwarranted unless it is with the defendant's consent or for recognized reasons of legal necessity.   ■   Despite the absence of consent, the discharge of the jury after the court has found a deadlock falls within the "necessity" exception and does not prevent a re-

trial. (Pen. Code, §§ 1140-1141; *Paulson* v. *Superior Court*, 58 Cal.2d 1, 8-9 [22 Cal.Rptr. 649, 372 P.2d 641]; *Cardenas* v. *Superior Court, supra,* 56 Cal.2d at p. 275; Witkin, Cal. Crimes (1963), §§ 192-195.)

█ Penal Code section 1160 declares: "Where two or more offenses are charged in any accusatory pleading, if the jury cannot agree upon a verdict as to all of them, they may render a verdict as to the charge or charges upon which they do agree, and the charges on which they do not agree may be tried again." In view of this provision, the trial judge had various alternatives when the jury reported that it had reached agreement on one count and deadlock on the other. First, he could have received the verdict on the former count and instructed the jury to deliberate further on the latter. (*People* v. *Rigney,* 55 Cal.2d 236, 246 [10 Cal.Rptr. 625, 359 P.2d 23, 98 A.L.R.2d 186].) Second, without receiving the verdict on which the jury had agreed, he could have instructed the jurors to deliberate further and attempt to reach agreement on the other count. (*People* v. *Finch,* 213 Cal.App.2d 752, 760-762 [29 Cal.Rptr. 420].) Third, he could have received the verdict on the one count and discharged the jury without causing double jeopardy as to the other.[1] He chose none of these courses but pursued a fourth alternative, that is, the discharge of the jury without receiving their verdict on the count as to which they had reached agreement.

The Attorney General points out that Penal Code section 1160 is permissive in declaring that the jury "may" render a verdict on one count without agreeing on the other. He relies upon a dictum in *People* v. *Finch, supra,* 213 Cal.App.2d at page 762, indicating that a trial judge has discretion to accept or reject a verdict on less than all the counts. We neither accept nor reject that dictum. █ Assuming that judicial discretion exists, it may be so exercised as to discharge the jury without any legal necessity and thus consummate the defendant's jeopardy.[2]

---

[1]See Note, 114 A.L.R. 1406, 1408-1411. The third alternative, however, might have encountered another inhibition against successive prosecutions, that which arises when a second prosecution is based on an indivisible course of criminal conduct. (Pen. Code, § 654; *Kellett* v. *Superior Court,* 63 Cal.2d 822 [48 Cal.Rptr. 366, 409 P.2d 206].)

[2]In this case the justice court judge, inferably, did not recognize discretionary authority under section 1160, for he sought a stipulation permitting reception of the agreed verdict, then discharged the jury when the prosecutor refused to stipulate. Contrast *People* v. *Finch, supra.* There the jurors informed the court that they had agreed on three of the counts but not on the fourth. The judge instructed them to continue their deliberations. Later they reported a hopeless deadlock on all counts and the court then declared a mistrial. The appellate court held that jeopardy had not run its course and the defendants could be retried. In *Finch* the jurors' earlier statement of agreement on some of the counts was never rejected by the judge. Had the jurors maintained their state of agreement, they could have ultimately presented their verdicts. Their subsequent deadlock, not the trial court's imposition upon them, caused the mistrial. Here, in contrast, the jury had fully and finally agreed as to one count, but their verdict was frustrated by the mistrial order.

Defendant's conviction or acquittal on either charge would not have affected the jury's ability to find him guilty or innocent of the other. (Pen. Code, § 954; *People* v. *Mason,* 184 Cal.App.2d 317, 370 [7 Cal.Rptr. 627].) ■ The jury's discharge without permitting it to return the verdict to which it had agreed was equivalent to an acquittal. (*Green* v. *United States,* 355 U.S. 184, 191 [2 L.Ed.2d 199, 206, 78 S.Ct. 221, 61 A.L.R.2d 1119]; *People* v. *Cage,* 48 Cal. 323, 326 [17 Am. Rep. 436].) ■ In view of section 1160 there was no legal necessity for their discharge without rendition of that verdict. Jeopardy had attached, and the jury's discharge without legal necessity and without the consent of the accused brought it to an end.

Had the charge on which the jury agreed been identified before their discharge, petitioner's jeopardy defense would have prevented his retrial on that charge alone. There was no identification, however. ■ The accused is constitutionally entitled to the jeopardy defense. (See *Benton* v. *Maryland,* 395 U.S. 784 [23 L.Ed.2d 707, 89 S.Ct. 2056].) He possesses that defense as to an unidentified one of the two charges. To subject him to retrial upon either would deprive him of that constitutional entitlement. Therefore he cannot be retried upon either.

In reaching this conclusion the court has been guided only by double jeopardy principles. We have not considered the ban on successive prosecutions arising from an indivisible course of criminal conduct (see *Kellett* v. *Superior Court, supra*); nor have we considered the barrier against prosecuting a driver for a traffic offense, disclosure of which is forced upon him by the hit-and-run statute. (See *Byers* v. *Justice Court,* 71 Cal.2d 1039 [80 Cal.Rptr. 553, 458 P.2d 465].)

Let a writ of prohibition issue as prayed.

Pierce, P. J., and Janes, J., concurred.