[Crim. No. 15632. First Dist., Div. One. Jan. 27, 1977.]

In re ANTHONY JOSEPH DELLASALA on Habeas Corpus.

**COUNSEL**

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Derald E. Granberg and Don Jacobson, Deputy Attorneys General, for Appellant.

Frank W. Dice, Public Defender, and David A. Barish, Deputy Public Defender, for Petitioner.

**OPINION**

ELKINGTON, J.—Charged in a municipal court case numbered 48019 with being intoxicated in a public place in violation of Penal Code section 647, subdivision (f), Anthony J. Dellasala requested appointment of an attorney and a jury trial. The court "denied appointed counsel on the ground the offense wasn't of a sufficiently serious nature." The charge was thereafter tried before a jury, in another department of the court, and in the absence of Dellasala as permitted by Penal Code section 1043 in a misdemeanor case, Dellasala was found guilty, and was thereafter sentenced "to 180 days in County Jail with 120 suspended for three years on certain conditions."

By his "Petition for Writ of Habeas Corpus and Prohibition" to the superior court, Dellasala sought only to have his sentence set aside on the authority of *Argersinger* v. *Hamlin,* 407 U.S. 25 [32 L.Ed.2d 530, 92 S.Ct. 2006]. He claimed no fault in his trial or conviction. The superior court by a "Judgment" granted the petition, ruling that: "The defendant cannot be imprisoned in case No. 48019; sentence must be restricted to that applicable to infractions. Except as stated herein, any restraint on action in case No. 48019 is removed." The People have appealed from the judgment.

■ The critical issue is whether Dellasala was denied a constitutional right by the court's refusal to appoint an attorney.

The question is squarely answered by the nation's high court in *Argersinger* v. *Hamlin, supra,* 407 U.S. 25. There the court said:

"We hold . . . that absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial. [¶] That is the view of the Supreme Court of Oregon, with which we agree. It said in *Stevenson* v. *Holzman,* 254 Ore. 94, 102, 458 P.2d 414, 418: 'We hold that no person may be deprived of his liberty who has been denied the assistance of counsel as guaranteed by the Sixth Amendment. This holding is applicable to all criminal prosecutions, including prosecutions for violations of municipal ordinances. The denial of the assistance of counsel will preclude the imposition of a jail sentence.' " (Pp. 37-38; fns. omitted [32 L.Ed.2d at pp. 538-539].)

"Under the rule we announce today, every judge will know when the trial of a misdemeanor starts that no imprisonment may be imposed, even though local law permits it, unless the accused is represented by counsel. He will have a measure of the seriousness and gravity of the offense and therefore know when to name a lawyer to represent the accused before the trial starts. [¶] The run of misdemeanors will not be affected by today's ruling. But in those that end up in the actual deprivation of a person's liberty, the accused will receive the benefit of 'the guiding hand of counsel' so necessary when one's liberty is in jeopardy." (P. 40 [32 L.Ed.2d at p. 540]; see also *People* v. *Hosner,* 15 Cal.3d 60, 70 [123 Cal.Rptr. 381, 538 P.2d 1141]; *Gordon* v. *Justice Court,* 12 Cal.3d 323, 328 [115 Cal.Rptr. 632, 525 P.2d 72] [cert. den., 420 U.S. 938 (43 L.Ed.2d 415, 95 S.Ct. 1148)]; *Thomas* v. *Superior Court,* 54 Cal.App.3d 1054, 1057-1058 [126 Cal.Rptr. 830]; *People* v. *Prince,* 55 Cal.App.3d Supp. 19, 26-34 [127 Cal.Rptr. 296].)

It thus is manifest that since Dellasala had been denied appointed counsel by the municipal court, the superior court's ruling that he "cannot be imprisoned in case No. 48019" was in accordance with law as announced by *Argersinger* v. *Hamlin.*

But our inquiry is not ended. Several additional points are raised by the Attorney General.

It is first urged that the *writ of prohibition* did not lie, (1) for the reason that sentence had already been imposed and there were "no further judicial proceedings to restrain," and (2) because Dellasala "had the remedy of appeal from the municipal court's judgment and no showing was made demonstrating the inadequacy of this clearly available remedy at law." We need not pass upon these contentions, for we treat the superior court proceedings as in habeas corpus alone. ■ Denial of counsel to one criminally accused is a violation of a fundamental constitutional right. (*Argersinger* v. *Hamlin, supra*; *Gideon* v. *Wainwright,* 372 U.S. 335 [9 L.Ed.2d 799, 83 S.Ct. 792, 93 A.L.R. 733].) And habeas corpus will lie whenever one is held under a sentence which violates his fundamental constitutional rights. (*In re Foss,* 10 Cal.3d 910, 916-917 [112 Cal.Rptr. 649, 519 P.2d 1073]; *In re Johnson,* 3 Cal.3d 404, 410 [90 Cal.Rptr. 569, 475 P.2d 841]; *In re Perez,* 65 Cal.2d 224, 229 [53 Cal.Rptr. 414, 418 P.2d 6]; *Neal* v. *State of California,* 55 Cal.2d 11, 16 [9 Cal.Rptr. 607, 357 P.2d 839] [cert. den., 365 U.S. 823 (5 L.Ed.2d 700, 81 S.Ct. 708)].)

■ It is next urged that if our conclusion is that Dellasala was unconstitutionally sentenced to imprisonment, "the proper relief is to

return the parties to the status quo ante." By this the Attorney General means that a new trial should be held, this time with Dellasala represented by appointed counsel. But the suggestion runs afoul of the federal and state constitutional proscription of double jeopardy; Dellasala has already been tried and convicted for his offense by a competent court and jury. (See *Bunnell* v. *Superior Court,* 13 Cal.3d 592, 601-602 [119 Cal.Rptr. 302, 531 P.2d 1086].) Without his consent (which he expressly withholds) he may not again be tried on the same charge. (*Cardenas* v. *Superior Court,* 56 Cal.2d 273, 276 [14 Cal.Rptr. 657, 363 P.2d 889, 100 A.L.R.2d 371].) And patently, the vindication of his constitutional right to counsel may not be conditioned by the state upon his sacrifice of another such constitutional right, i.e., not to be subjected to double jeopardy.

The Attorney General then argues: "Finally, it should also be noted that in view of the lower court's finding that respondent was denied his constitutional right to counsel, and was tried in absentia without counsel, any judgment resulting therefrom is a nullity. *Compare State* v. *Dorr* (Iowa 1971) 184 N.W.2d 673. Where such is the case, the correct order would appear to be to strike the judgment in its entirety and allow the prosecution to properly reinitiate the proceedings—if they so desire. At that time, whether court-appointed counsel is appropriate is a matter the trial court can properly resolve and the proceedings can go forward accordingly." We are in agreement that the judgment may reasonably be deemed a "nullity." But the argument does not otherwise consider the above-discussed double jeopardy implications, which we find to be controlling.

We have closely considered the many incidental and supporting points made by the Attorney General. It is urged, among other things, that: Dellasala's offense was a serious one which justified a jail sentence; the proceedings were in the nature of a plea bargain finally rejected by the court; Dellasala unreasonably rejected the sentencing judge's offer to set aside the verdict and judgment and retry the case with an appointed attorney; and, in any event, the judge who imposed sentence was not bound by the assurances of another judge. Were the law otherwise, some of these points might well have had some logical appeal in the superior court, and here. But they must fail of their purpose in the face of the holding of *Argersinger* v. *Hamlin,* and the well-known constitutional principles affecting double jeopardy.

We resolve the several questions concerning future proceedings upon final remand of Dellasala's case to the municipal court, in the following manner.

No error is seen in the municipal court proceedings leading up to recordation of the jury's verdict. The case was tried and the verdict entered in harmony with the constitutional requirements of *Argersinger* v. *Hamlin,* but, according to that high authority, a sentence of imprisonment could not thereafter legally be imposed. For the above-stated constitutional reasons, Dellasala's withheld consent prevents a retrial of the charge. The remaining viable alternative permits the municipal court to enter a new judgment, and impose a new sentence, in accordance with the dictates of *Argersinger* v. *Hamlin.* The foregoing is substantially the result reached by the superior court's judgment, as we interpret it.

The judgment of the superior court, treated as a writ of habeas corpus, is affirmed. The superior court will remand the case to the municipal court for such further proceedings as are not inconsistent with the views we have expressed.

Molinari, P. J., and Lazarus, J.,* concurred.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.