[No. B187073. Second Dist., Div. One. July 24, 2006.]

STANLEY BERNARD PERRYMAN, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

[No. B187161. Second Dist., Div. One. July 24, 2006.]

NICOLE EVYETTE GASTON, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

768

## COUNSEL

Michael P. Judge, Public Defender, Marie Lui and John Hamilton Scott, Deputy Public Defenders, for Petitioner Stanley Bernard Perryman.

Janice Y. Fukai, Alternate Public Defender, Michael Goodman and Yvonne Velasquez, Deputy Alternate Public Defenders, for Petitioner Nicole Evyette Gaston.

No appearance for Respondent.

Steve Cooley, District Attorney, Phyllis Asayama and Roberta Schwartz, Deputy District Attorneys, for Real Party in Interest.

## OPINION

**ROTHSCHILD, J.**—In this case, we hold that defendants' successful motion to quash a jury venire and begin jury selection again with a new panel of prospective jurors was not a "mistrial" motion, despite defendants' initially having labeled it as such, and, because the prosecution was not prejudiced, it did not trigger a new period in which defendants could be "brought to trial" under Penal Code section 1382, subdivision (a)(2).[1]

### FACTS

An information filed August 11, 2005, charged Stanley Bernard Perryman and Nicole Evyette Gaston with selling cocaine base (count 1), and Perryman with possessing cocaine base for sale (count 2), on April 14, 2005. (Health & Saf. Code, §§ 11352, subd. (a), 11351.5.) The information also alleged that each defendant had several prior felony convictions.

On August 11, 2005, Perryman and Gaston were arraigned and pled not guilty. The 60th day following August 11 was October 10 (a holiday), requiring that Perryman and Gaston be brought to trial no later than October 11. Trial was calendared for Thursday, October 6.

On October 6, Judge James Pierce, to whose courtroom the case was assigned after being transferred that morning from another department, called the case for trial, a panel of prospective jurors was sworn, and jury selection commenced. During questioning, however, one prospective juror stated: "I may have seen [Perryman] before when I was buying marijuana." Without opposition from the prosecutor, both defendants' counsel moved for a "mistrial." The court granted the motion and dismissed the entire panel.

Immediately thereafter, when the court asked the parties how they wanted to proceed, Perryman's counsel stated: "I would like us to start picking a jury, call up to the jury room." The prosecutor responded: "When a mistrial is granted, . . . it becomes zero of 60 [days]. I would request that we trail the matter until closer to the 60th day." When Judge Pierce preliminarily agreed with the prosecutor, Perryman's counsel protested that she wanted to resume jury selection with a new panel that day, arguing that the dismissal of the

---

[1] As relevant, Penal Code section 1382, subdivision (a)(2), states: "(a) The court, *unless good cause to the contrary is shown*, shall order the action to be dismissed in the following cases: [¶] . . . [¶] (2) In a felony case, when a defendant is not *brought to trial* within 60 days of the defendant's arraignment on an . . . information, . . . or, in case the cause is to be *tried again following a mistrial*, . . . within 60 days after the mistrial has been declared . . . ." (Italics added.)

All further undesignated section references are to the Penal Code.

panel before the trial jury was sworn was not a "mistrial." The court granted the parties a 15-minute recess to research the issue.

After the recess, Perryman's counsel clarified her position (in which Gaston joined), stating that the court legally could not grant a mistrial before jeopardy attached, which had not occurred because the venire was dismissed before a trial jury was sworn, and thus that the defense motion should have been to quash the jury venire. Counsel acknowledged that she had misspoken in seeking a mistrial ("I called a banana an apple[]") but argued that dismissing the venire did not legally constitute a mistrial, and that defendants still had to be brought to trial on or before October 11 to satisfy their speedy trial rights, which defendants never had waived. The prosecutor agreed that jeopardy did not attach until a trial jury was sworn but argued that beginning jury selection complied with section 1382, and that thereafter, once a "mistrial" was granted, a new 60-day period began within which the case could be tried. The court made no ruling and trailed the case until the next day, October 7, for further briefing and argument, stating: "So tomorrow will either be 57 of 60 [days], or it will be one of 60, depending on the . . . ruling."

At the October 7 hearing, Judge Pierce stated that the parties had spent over half of the previous day in jury selection before the jury was dismissed shortly after 3:00 p.m. Perryman's counsel stated without contradiction that both defendants, who were in custody, had never waived their speedy trial rights, and that, despite the defense being ready for trial, the case had been dismissed before on an earlier trial date on the People's motion "based on inconvenience to them," after which the prosecution refiled the case.[2] The parties agreed that on the afternoon of October 5, when the current prosecutor received the case, she learned that a purportedly necessary witness would be going on vacation out of the country from October 7 until October 18, and that the witness was in court on October 6 and was available to testify until sometime in the morning of October 7. Before the court ruled on defendants' request to relabel their motion, the prosecutor excused her witness without requesting that the court order him to return on any later day.[3]

---

[2] Defendants thus argue without contradiction that if they prevail on their petition, further prosecution for these crimes would be barred. (§ 1387.)

[3] The prosecutor never claimed that she excused the witness before defendants relabeled their motion as one to quash the jury venire and demanded to restart jury selection immediately. There was no break in the October 6 proceedings after the court dismissed the jury until the 15-minute recess was granted so the parties could further research defendants' demand to immediately resume jury selection with a new panel. October 7 was the first time the prosecutor mentioned that she had excused her witness.

Judge Pierce ruled that the motion to dismiss the venire was a motion to quash and not a motion for mistrial because jeopardy had not attached, and that a new 60-day period in which to bring defendants to trial did not commence, but he continued the case for 10 days to October 17 because he apparently believed that the prosecution had shown good cause for a continuance. The court believed that October 7 began a new 10-day period in which the case would have to be tried, thus allowing 20 additional days before defendants would have to be brought to trial.[4] The judge set the matter for October 12 to permit defendants to make a timely motion to dismiss the case, and on that date he denied the motion.

On October 17, the date set for trial, the parties appeared before Judge Gary Ferrari, who had presided over the case before its October 6 transfer to Judge Pierce. Defendants stated that they were ready for trial, but the prosecutor stated that her witness would not be available until the next day. Over defendants' objection, Judge Ferrari trailed the case to October 20, which he categorized as the third day of a new 10-day period.

On October 20, the parties again appeared before Judge Pierce. Defendants again moved to dismiss, arguing that even if good cause justified a continuance until the prosecution witness's return, that new date, October 17, was the last day on which trial could commence, rather than the first day of a 10-day trial period, as would be the case if the defense agreed to the continuance. Judge Pierce denied the motion to dismiss and stated that he considered October 27 the last day on which trial could commence. Thereafter the parties agreed to continue the case to permit defendants to file these petitions. We issued an order to show cause.

## DISCUSSION

Defendants contend that the trial court violated their statutory speedy trial rights under section 1382 by continuing the trial past October 11 despite their

---

[4] Section 1382, subdivision (a)(2)(B) provides that if a defendant agrees to continue a case beyond the original 60-day period, the case "shall be brought to trial on the date set for trial or within 10 days thereafter." At a later hearing, the court explained that it set the new trial date on October 17 although the witness would not return from vacation until October 18 to expedite the beginning of trial, assuming that even if the witness was not available on that date, jury selection could begin or the case could trail for a few days. Defendants made clear, however, that they had not agreed to their case being continued beyond October 11 (the last day under the original 60-day period) and did not accept the trial court's conclusion regarding an additional 10-day "trailing" period beyond October 17.

The prosecutor never argued that "good cause" justified continuing the case beyond October 11 or formally agreed to the October 17 trial date, tacitly accepting that date as an alternative to dismissal.

refusal to waive those rights. They argue that, as Judge Pierce found, their successful motion to dismiss the jury venire on October 6, although initially labeled as a motion for a "mistrial," could not have been such a motion because a mistrial cannot be granted before jeopardy attaches when the trial jury is sworn. They point out that the prosecutor did not argue or prove that good cause justified a continuance beyond October 11, and that even if good cause justified the continuance to October 17, it did not justify any delay beyond that date, and thus that the trial court erred in not dismissing their case. In response, the People argue that granting defendants' "mistrial" motion triggered a new 60-day period within which the case could be tried, particularly because they detrimentally relied on that ruling in excusing their witness. The People also argue that but for defendants' "precipitous[]" mistrial motion on October 6 and the writ petition, defendants' trial "would already have occurred," suggesting that defendants' own acts necessitated continuing the case beyond October 11. We agree with defendants.

### A.

We must decide the correct characterization of a motion to dismiss a panel of prospective jurors, specifically whether bringing defendants to trial before a new panel of prospective jurors would constitute *"bringing* them *to trial"* again, rather than *"trying* them *again"* under section 1382. If the former, as defendants argue, then their successful motion to dismiss the jury venire was *not* a "mistrial" motion, did *not* trigger a new 60-day period in which they had to be brought to trial, and required the court to "bring them to trial" no later than October 11. If the latter, as the People argue, then defendants' motion properly *was* for a mistrial, *did* trigger a new 60-day period, and permitted the court to continue the case to any date within 60 days of October 6, making any of the dates to which the case was continued timely.

As relevant, section 1382, subdivision (a)(2), states: "(a) The court, *unless good cause to the contrary is shown*, shall order the action to be dismissed in the following cases: [¶] . . . [¶] (2) In a felony case, when a defendant is not *brought to trial* within 60 days of the defendant's arraignment on an . . . information, . . . or, in case the cause is to be *tried again following a mistrial*, . . . within 60 days after the mistrial has been declared . . . ." (Italics added.) Section 1382 was enacted to implement the constitutional right to a speedy trial. If a defendant is not "brought to trial" within the time prescribed in section 1382 and, as here, before trial challenges such failure, he is entitled to a dismissal without any showing of prejudice unless good cause justifies

the delay. (*Rhinehart v. Municipal Court* (1984) 35 Cal.3d 772, 776 [200 Cal.Rptr. 916, 677 P.2d 1206]; *People v. Johnson* (1980) 26 Cal.3d 557, 574–575 [162 Cal.Rptr. 431, 606 P.2d 738].)

■ "[A]n accused is 'brought to trial' within the meaning of section 1382 when a case has been called for trial by a judge who is normally available and ready to try the case to conclusion. The court must have committed its resources to the trial, and the parties must be ready to proceed and a panel of prospective jurors must be summoned and sworn." (*Rhinehart v. Municipal Court, supra,* 35 Cal.3d at p. 780; see *Sanchez v. Municipal Court* (1979) 97 Cal.App.3d 806, 808–813 [159 Cal.Rptr. 91]; *People v. Amati* (1976) 63 Cal.App.3d Supp. 10, 12 [134 Cal.Rptr. 61].)

In announcing this interpretation of the phrase "brought to trial" in section 1382, *Rhinehart, Sanchez,* and *Amati* expanded on earlier cases which had held that litigating defense pretrial motions or swearing in the trial jury were sufficient to "bring a defendant to trial" under section 1382, even if the case then was continued. (*People v. Sylvia* (1960) 54 Cal.2d 115, 122–123 [4 Cal.Rptr. 509, 351 P.2d 781], disapproved on other grounds in *People v. Kelley* (1967) 66 Cal.2d 232, 242 [57 Cal.Rptr. 363, 424 P.2d 947]; *People v. Katzman* (1968) 258 Cal.App.2d 777, 787–790 [66 Cal.Rptr. 319].) The court in *Katzman* explained that because jeopardy attached when the trial jury was sworn, it would be inconsistent to hold that such a significant point was insufficient to constitute "bringing the defendant to trial." Jeopardy attaches in a jury trial when the trial jury is sworn, and in a court trial when the first witness is sworn. (*Rhinehart v. Municipal Court, supra,* 35 Cal.3d at p. 779, fn. 8.) *Rhinehart, Sanchez,* and *Amati* went further and held that although swearing in the trial jury is sufficient to "bring a defendant to trial" under section 1382, merely swearing in the jury venire is also sufficient as long as the court is prepared to devote itself to the trial. The court in *Rhinehart* explained that its holding was a proper interpretation of "brought to trial" in light of the purpose of section 1382, and because this definition implements policies most likely to avoid opportunities for manipulation such as drawing out jury selection until after the 60-day period has lapsed.[5] Thus, although

---

[5] *Rhinehart* disapproved that portion of *Katzman* which approved the *Katzman* trial court's continuing the case for 13 days after the trial jury was sworn so the judge could attend a conference (*Rhinehart v. Municipal Court, supra,* 35 Cal.3d at p. 780, fn. 11) because doing so demonstrated that the court was not devoting its resources to trying the case. *Katzman's* holding that swearing the trial jury "brings the defendant to trial" under section 1382, so long as the case then is not unnecessarily continued, however, remains valid.

starting a "trial" always had meant the point when jeopardy attaches, *Rhinehart*, *Sanchez*, and *Amati* held that an earlier point, beginning jury selection by swearing a panel of prospective jurors, is sufficient to "bring a defendant to trial" under section 1382.

■ Although, as the People point out, motions to quash a jury venire before jury selection is completed based on claims that the opposing party is excluding certain jurors because of impermissible discrimination (*Batson v. Kentucky* (1986) 476 U.S. 79 [90 L.Ed.2d 69, 106 S.Ct. 1712]; *People v. Wheeler* (1978) 22 Cal.3d 258 [148 Cal.Rptr. 890, 583 P.2d 748]) frequently are called "mistrial" motions, the California Supreme Court twice recently explained that such nomenclature is incorrect. "Because no jury had yet been sworn, it is doubtful that a motion for a mistrial was the proper procedural vehicle to raise the [*Batson/Wheeler*] objection. The trial court appears to have treated the motion, *correctly*, as one to quash or dismiss the venire." (*People v. Mayfield* (1997) 14 Cal.4th 668, 722, fn. 7 [60 Cal.Rptr.2d 1, 928 P.2d 485], italics added.) Moreover, the Supreme Court has not limited this concept to the *Batson/Wheeler* context. In *People v. Silva* (2001) 25 Cal.4th 345, 372–373 [106 Cal.Rptr.2d 93, 21 P.3d 769], the defendant moved for a mistrial during jury selection based on the prosecutor's allegedly improper statement to the venire, but the Supreme Court stated, "because no jury had been sworn *and the trial had not begun*, it is doubtful that a mistrial motion, rather than a motion to quash or dismiss the venire, was procedurally correct. (See *People v. Mayfield*[, *supra*,] 14 Cal.4th [at p.] 722, fn. 7 . . . .)" (Italics added.) Although we recognize that these statements may be dicta, they provide persuasive support for defendants' position, particularly *Silva*'s statement that trial had not yet begun during the jury selection process.

In an analogous situation, we recently held that Code of Civil Procedure section 170.6, which, after a new trial is ordered on appeal, permits a challenge to the judge who conducted the trial, does not apply if the new trial is based on reversal of a pretrial ruling by the court that did not resolve the case on its merits. (*State Farm Mutual Automobile Ins. Co. v. Superior Court* (2004) 121 Cal.App.4th 490, 493, 499–503 [17 Cal.Rptr.3d 146].)[6] Likewise,

---

[6] "A motion [to disqualify a judge] under this paragraph may be made following reversal on appeal of a trial court's decision, or following reversal on appeal of a trial court's final judgment, if the trial judge in the prior proceeding is assigned to conduct a new trial on the matter." (Code Civ. Proc., § 170.6, subd. (a)(2), 2d par.)

in our case when the jury venire was dismissed, no contested trial issues had been litigated and thus "trial" had not begun.

■ Reading these authorities together, we conclude that defendants' position is most consistent with the long-standing body of law defining when a "trial" begins, which is when jeopardy attaches (by swearing either the trial jury or the first witness) or when the litigation of contested issues otherwise begins. As such, one cannot be "tried *again* following a mistrial" unless one already has been "tried," which in a jury trial has not happened before the trial jury has been sworn. When a jury venire has been quashed, requiring that jury selection begin again with a new panel of prospective jurors, no "mistrial" can have occurred. Thus, no new 60-day period commenced despite defendants' initial mischaracterization of their motion.

■ In support of their contrary position, the People rely on federal cases holding that appellate reversals of convictions which followed guilty pleas result in a case being "tried again" after the reversal. Those cases support rather than undermine our position, because a conviction based on a guilty plea involves resolution of all contested trial issues and thus is analogous to a "trial," albeit by admission rather than by the presentation of evidence. The People also rely on cases from other states which hold that under those states' speedy trial statutes, commencing trial again after dismissing a jury venire can only be done by a mistrial motion. We are unwilling to adopt those cases in the face of the applicable California law defining when a defendant is "tried" as opposed to being "brought to trial."

## B.

Next, we must address whether, once Judge Pierce granted defendants' motion to dismiss the jury venire under the incorrect "mistrial" label, he properly accepted defendants' correct recategorization of the motion as one to "quash the venire." The People argue he did not because they detrimentally relied on the mistrial nomenclature by excusing their witness, believing they had an additional 60 days within which to try the case. We disagree.

Here, the prosecutor knew immediately after the jury venire was dismissed and *before* she excused her witness, that defendants had relabeled their motion from "mistrial" to "quash the venire," were demanding that a new jury panel be brought to court and jury selection resume immediately, and were insisting that the jury's dismissal did not affect their position that they had to be "brought to trial" no later than October 11. Although Judge Pierce

preliminarily agreed with the prosecutor's statement that granting the motion extended the period in which defendants could be timely tried by 60 days, he had not ruled on defendants' request to relabel their motion and gave the parties a recess to conduct further research and prepare further argument. The prosecutor never claimed that she excused her witness before defendants relabeled their motion and demanded to restart jury selection immediately, nor does the record support such a claim. Excusing the witness thereafter was not justified given the pendency of defendants' "re-labeling" motion. Had defendants said nothing on October 6 after their mistrial motion was granted, and waited until October 7, after the prosecutor had excused her witness, to recategorize their motion, the People's prejudice argument would have weight. On our facts, however, the People were not prejudiced by any "rewriting of history" by defendants or Judge Pierce. Given defendants' unwavering insistence on enforcing their speedy trial rights, the earlier dismissal of the case for prosecutorial "convenience," and the multiple chances the prosecutor had to assure her witness's availability before the court ruled on a motion the prosecutor knew was still undecided and could doom her case if resolved adversely to her, the record does not support the People's claim of prejudice.

The People's reliance on *Cardenas v. Superior* Court (1961) 56 Cal.2d 273, 276 [14 Cal.Rptr. 657, 363 P.2d 889], is misplaced. In *Cardenas*, a criminal defendant being cross-examined during trial moved for a mistrial, and the prosecution joined in the motion. Before the court ruled, the defendant sought to withdraw the motion. The trial court denied the request to withdraw and granted the mistrial. When the case was set for a retrial, the defendant moved to dismiss on double jeopardy grounds, arguing that he neither sought nor consented to the mistrial, either of which would have waived his double jeopardy claim. The Supreme Court agreed with the defendant and dismissed the second prosecution, holding that the defendant could withdraw the motion before the court ruled on it because the withdrawal did not prejudice the prosecution. As in *Cardenas*, the prosecution in our case was not prejudiced by defendants' relabeling their motion because at the time they relabeled their motion the prosecution had not yet excused its witness.

## C.

We also agree with defendants that Judge Pierce erred in implicitly finding good cause to continue the case until October 17. The prosecution has the burden of showing good cause. "When, as in the present case, a claim of good cause is based on the need for additional time to secure the attendance

of prosecution witnesses, a particularized showing is required . . . '. . . (1) [t]hat the [prosecution] has exercised due diligence in an attempt to secure the attendance of the witness at the trial by legal means; (2) that the expected testimony is material; (3) that it is not merely cumulative; (4) that it can be obtained within a reasonable time; and (5) that the facts to which the witness will testify cannot otherwise be proven.' [Citations.]" (*Owens v. Superior Court* (1980) 28 Cal.3d 238, 250–251 [168 Cal.Rptr. 466, 617 P.2d 1098].) The prosecutor neither attempted to nor satisfied this test. Although everyone assumed that the witness, apparently an informant, was "necessary," the prosecution did not explain what the witness would say or why other witnesses could not provide the same information. The prosecutor likewise did not attempt to have the court order the witness to return. Indeed, neither below nor on this petition did the prosecution argue that good cause justified any continuance beyond October 11. "[T]he fact that a witness will be on vacation on the date set for trial does not by itself constitute good cause for a continuance. [Citation.]" (*Baustert v. Superior Court* (2005) 129 Cal.App.4th 1269, 1277 [29 Cal.Rptr.3d 208].) Because good cause did not justify continuing the case beyond October 11, Judge Pierce erred in denying defendants' October 12 motion to dismiss. In any event, even if good cause existed to continue the case until October 17, because defendants objected to any continuance beyond October 11, October 17 would have been the last day on which defendants timely could be "brought to trial," and there was no 10-day trailing period. (*People v. Superior Court (Alexander)* (1995) 31 Cal.App.4th 1119, 1134 [37 Cal.Rptr.2d 729].)

### D.

Finally, we reject the People's argument that defendants were responsible for their case not being timely brought to trial, either by obtaining dismissal of the jury venire or by filing these petitions. Defendants contended throughout that they had to be brought to trial no later than October 11. Their motion to dismiss the venire was not properly a mistrial motion, but rather a motion to quash the venire. Several days remained before October 11 in which they could have been brought to trial. The prosecution, not defendants, was responsible for the prosecution witness's unavailability. Defendants did not file these petitions until long after the October 20 denial of their latest motion to dismiss. Thus, defendants bore no responsibility for their not being timely tried.

## DISPOSITION

The petitions are granted. A writ shall issue ordering the trial court to dismiss the case with prejudice.

Spencer, P. J., and Vogel, J., concurred.