[Crim. No. 17470. Fourth Dist., Div. Three. June 22, 1984.]

In re DELBERT EUGENE KING on Habeas Corpus.

**COUNSEL**

Richard E. Smith and Allen Thomas for Petitioner.

William P. Hopkins, City Attorney, and Carol Kunkis Cohn, Deputy City Attorney, for Respondent.

## Opinion

**WALLIN, J.**—Petitioner Delbert King pleaded guilty to one count of misdemeanor indecent exposure in violation of Penal Code section 314, subdivision 1.[1] The court suspended imposition of sentence and granted three years summary probation. As a condition of probation, petitioner was ordered to register as a sex offender pursuant to Penal Code section 290. He was also ordered to obey all laws, pay a fine of $300, obtain a psychological report and attend counseling. He seeks a writ of habeas corpus contending the mandatory registration requirement violates the constitutional prohibition against cruel or unusual punishment. (Cal. Const., art. I, § 17.)[2]

*In re Reed* (1983) 33 Cal.3d 914 [191 Cal.Rptr. 658, 663 P.2d 216] addressed the constitutionality of ordering sex offenders to register pursuant to section 290 for violation of section 647, subdivision (a). The petitioner in *Reed* was convicted of soliciting "lewd or dissolute conduct" in violation of section 647, subdivision (a). His probation was conditioned upon his registering as a sex offender pursuant to section 290. ■ In reviewing his habeas corpus petition, the California Supreme Court first held registration is a form of punishment within the meaning of article I, section 17 of the California Constitution. (*Id.,* at p. 922.) It then reviewed the constitutionality of the punishment in light of the three tests set forth in *In re Lynch* (1972) 8 Cal.3d 410 [105 Cal.Rptr. 217, 503 P.2d 921]. The court held registration of section 647, subdivision (a) misdemeanants constitutes cruel or unusual punishment because "the continuing penalty of sex offender registration is out of all proportion to the crime of which petitioner was convicted." (*Id.,* 33 Cal.3d at p. 926.) It concluded "insofar as section 290 requires such registration of persons convicted under section 647(a), it is void under article I, section 17, of the California Constitution." (*Ibid.*)

■ King urges us to extend the *Reed* decision to section 314.1 misdemeanants. Relying solely on *Reed*, he argues the penalty of sex offender registration for indecent exposure constitutes cruel and unusual punishment. We agree.

■ *Lynch* held the following factors should be considered in determining whether punishment is disproportionate to the offense: (1) an examination of "the nature of the offense and/or the offender, with particular regard to

---

[1]Hereinafter "section 314.1." All statutory references are to the Penal Code.

[2]Although King did not appeal his misdemeanor conviction, his petition for habeas relief is proper because he claims his sentence violates fundamental constitutional rights. "And habeas corpus will lie whenever one is held under a sentence which violates his fundamental constitutional rights. [Citations.]" (*In re Dellasala* (1977) 66 Cal.App.3d 453, 456 [136 Cal.Rptr. 99].)

the degree of danger both present to society"; (2) a comparison of the challenged penalty with those imposed in the same jurisdiction for more serious crimes; and (3) a comparison of the challenged penalty with those imposed for the same offense in different jurisdictions. (*In re Lynch, supra,* 8 Cal.3d at pp. 425-429.)

Addressing the first inquiry, we note the offenses for which persons may be convicted under section 314.1 are relatively minor. Historically, indecent exposure was considered a public nuisance and punished as a misdemeanor. (See *In re Lynch, supra,* 8 Cal.3d at p. 429.) Indecent exposure was first proscribed by statute in California as a misdemeanor in 1872. The increased penalty for subsequent convictions was added 80 years later. (*Ibid.*) The court in *Lynch* noted "[c]linical studies 'support and confirm the traditional legal provisions which have treated this behaviour as a social nuisance, as disorderly conduct rather than an offense causing personal injury.' [Citations.] This is so because the commission of the offense invariably entails no physical aggression or even contact . . . ." (*Id.,* at p. 430.)

The facts of the present case suggest the classification of section 314.1 offenses as minor is justified. The parties agree King drove into the parking lot of a Pup N' Taco restaurant, got out of his car, exposed his penis to two teenage girls, then returned to his car and drove away. King was wearing shorts at the time and his penis was not erect. He did not touch or speak to either of the two girls.

Like the petitioner in *Reed,* King is "not the prototype of one who poses a grave threat to society; nor does his relatively simple sexual indiscretion place him in the ranks of those who commit more heinous registrable sex offenses." (*In re Reed, supra,* 33 Cal.3d at p. 924.)

The *Reed* court's discussion regarding the second and third inquiries suggested in *Lynch* is directly applicable to this case. The court compared the challenged penalty to penalties imposed in the same jurisdiction for more serious crimes. The court's list of "arguably more serious sex-related misdemeanors for which section 290 registration is *not* mandated"[3] are all more serious than a single act of indecent exposure in a public parking lot. In addition, the *Reed* court lists several serious crimes not related to sex (robbery, burglary, arson) that do not require registration. These crimes are also more serious than King's misdemeanor 314.1 offense. The comparison

---

[3]Admitting or keeping a minor in a house of prostitution (§ 309); employing a minor to perform prohibited sexual acts (i.e., child pornography) (§ 311.4); pimping and pandering (§§ 266d-266i); rape of a person incapable of giving consent (§ 261, subd. (1)); prostitution (§ 647, subd. (b)); and lewd conduct in the presence of a child (§ 273g). (*In re Reed, supra,* 33 Cal.3d at p. 925.)

indicates there are several more serious offenses in California that are not presently being punished by imposition of a registration requirement.

Finally, the *Reed* court compared the challenged penalty to penalties imposed in other jurisdictions for the same offense. The comparison revealed that in 1976, only California, Arizona, Ohio, and Nevada had sex offender registration laws. The only law similar to California's was the Arizona law which was repealed in 1978. (*Id.*, at p. 925.) The court concluded "California's mandatory sex offender registration provision is therefore relatively severe under the third *Lynch* test." (*Id.*, at p. 926.)

The *Lynch* inquiries demonstrate that misdemeanor indecent exposure in violation of section 314.1 is a relatively minor offense, there are other more serious offenses being punished less severely in California, and California is virtually the only jurisdiction that requires registration for misdemeanor offenses. Therefore, like the *Reed* court, we conclude the continuing penalty of sex offender registration is out of all proportion to the crime of misdemeanor indecent exposure. Registration pursuant to section 290 cannot constitutionally be imposed as punishment for persons convicted of misdemeanors under section 314.1.[4]

The Municipal Court for the North Orange County Judicial District is ordered to modify the conditions of probation by eliminating the requirement that King register as a sex offender pursuant to section 290. The writ of habeas corpus is denied.

Trotter, P. J., concurred.

**CROSBY, J.**—I concur, but lament the necessary inflexibility of the result. For I can suggest numerous examples of indecent exposure cases where it might be appropriate to require registration *during the period of probation,* which generally varies from one to three years. Multiple and repeat offenders, and particularly those who make a practice of selecting audiences of small children, should at least be subject to registration in the exercise of the court's sound discretion for that relatively brief period.

If the Supreme Court was unable to carve out such reasonable exceptions in *Reed,* however, we can hardly do so here. Just as in *Reed,* we must take the seemingly illogical step of declaring a condition of probation invalid because to impose it for a lifetime is cruel or unusual under article I, section 17 of the California Constitution, even though conditions of probation do

---

[4]Our opinion today does not address the issue of whether sex offender registration is constitutional punishment for persons convicted of felonies under section 314.1.

not last a lifetime and expire, of course, with the termination of probation. *Reed* explains why: "Although the obligation to register may be terminated pursuant to section 1203.4, there is no provision for expunging the initial registration. Thus, for example, a person who lives in Los Angeles but is convicted under section 647(a) in San Diego must register under section 290 in Los Angeles. After the probationary period has expired, he may petition in San Diego for release from the registration penalty under section 1203.4. If successful, he will not be required to reregister if he moves; however, he will always remain registered as a sex offender in Los Angeles. His name, photograph, fingerprints, and other relevant information will be permanently available to the Los Angeles police. Thus section 290 effectively imposes a lifelong burden on all those subjected to its terms." (*In re Reed* (1983) 33 Cal.3d 914, 920-921 [191 Cal.Rptr. 658, 663 P.2d 216], fn. omitted.) I read this language to mean the Legislature can remedy the constitutional defect by simply providing a postprobation expungement procedure.[1] It may well wish to do so.

---

[1]The Legislature may have thought it had already created a means of expungement. Section 1203.4, subdivision (a) provides in part, "[a successful probationer] shall thereafter be released from all penalties and disabilities resulting from the offense . . . ." Having found section 290 to be a "penalty" (*In re Reed, supra,* 33 Cal.3d 914), the Supreme Court might have utilized section 1203.4 to uphold Reed's 290 registration condition of probation by finding the quoted language sufficient basis for relief from future registration *and* for orders to purge past registrations, as well. It did not, however; and we are consequently foreclosed from pursuing this approach. (*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455-456 [20 Cal.Rptr. 321, 369 P.2d 937].)