947 F.2d 952
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Larry Dean MUGRAGE, II, Defendant-Appellant.
 No. 90-10225.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 23, 1991.*
Decided Oct. 25, 1991.
 
 Before SNEED, HUG and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Larry Dean Mugrage, II, appeals his sentence following entry of a guilty plea to unarmed bank robbery in violation of 18 U.S.C. § 2113(a). Mugrage contends the district court erred by: (1) improperly counting certain prior offenses when calculating his criminal history; (2) failing to comply with the requirements of Fed.R.Crim.P. 32; and (3) imposing a fine on him despite his indigency. We have jurisdiction under 28 U.S.C. § 1291 and we affirm in part and vacate and remand for resentencing.
 
 
 3
 * Criminal History Calculations
 
 
 4
 Mugrage contends the district court improperly included numerous prior misdemeanor offenses when calculating his criminal history category. We review de novo the district court's determination that a prior conviction falls within the scope of the Guidelines, but we will not reverse the district court's determination of a factual matter unless it is clearly erroneous. United States v. Kemp, 938 F.2d 1020, 1022 (9th Cir.1991).
 
 
 5
 The Guidelines provide that misdemeanor convictions count when calculating the defendant's criminal history category. U.S.S.G. § 4A1.2(c). "However, certain misdemeanor convictions are not counted unless (1) they are similar to the instant offense (the offense of conviction) or (2) resulted in more than one year's probation or thirty days' imprisonment." Kemp, 938 F.2d at 1022. Additionally, "[a] diversionary disposition resulting from a finding or admission of guilt ... in a judicial proceeding is counted as a sentence under § 4A1.1(c) even if a conviction is not formally entered." U.S.S.G. § 4A1.2(f). Under Section 4A1.1(c), one point is added, up to a maximum of four points, for each prior sentence which is less than sixty days' imprisonment and which is not excluded under Section 4A1.2(c). U.S.S.G. § 4A1.1(c), comment. n. 3.
 
 
 6
 The presentence report (PSR) included seven prior misdemeanor offenses in its calculation of Mugrage's criminal history category. Each of these offenses counted as one point towards the maximum four points allowed under Section 4A1.1(c). Mugrage failed to object to the inclusion of two of these prior offenses in his criminal history calculation. Therefore, if even two of the five contested misdemeanor offenses were properly included in the criminal history calculation, the criminal history category and the applicable Guidelines range would remain the same and the erroneous inclusion of the remaining three offenses would not be significant.[1] See, e.g., United States v. Lopez-Cavasos, 915 F.2d 474, 476 (9th Cir.1990) (no "plain error" even if an error was made in computing the criminal history score, where the applicable range would remain the same); United States v. Munster-Ramirez, 888 F.2d 1267, 1273 (9th Cir.1989) (court should not rule on Guidelines dispute where resolution would not change the sentence), cert. denied, 110 S.Ct. 1951 (1990). Further, the district court was free to consider the non-countable prior offenses when determining where to set the sentence within the established Guideline range. See United States v. Mondello, 927 F.2d 1463, 1469 (9th Cir.1991) (district court may consider without limitation any information concerning defendant's background, character, and conduct when determining sentence within Guidelines range).
 
 
 7
 One of the prior misdemeanor offenses was a diversionary sentence arising from a vandalism charge. Mugrage admitted below that he pleaded guilty to the charge. Section 4A1.2(f) clearly provides that a diversionary disposition resulting from admission of guilt in open court is to be counted, reflecting the policy that "defendants who receive the benefit of a rehabilitative sentence and continue to commit crimes should not be treated with further leniency." U.S.S.G. § 4A1.2, comment. n. 9. Therefore, this prior sentence was properly added into the criminal history calculation.
 
 
 8
 Another prior sentence added into the criminal history calculation resulted from a guilty plea to indecent exposure, for which Mugrage was sentenced to 30 days in jail and one year of probation. One term of Mugrage's probation required him to register as a sex offender as a result of the offense. The California Courts of Appeal later held that requiring defendants convicted of indecent exposure to register as sex offenders was cruel and unusual punishment in violation of the Eight Amendment and eliminated that requirement from a defendant's probation. In re King, 204 Cal.Rptr. 39, 41 (1984). Mugrage argues that the Guidelines prohibit inclusion of this sentence in the criminal history calculation because it contains an illegal probationary term. Nevertheless, although the California courts require modification of the terms of probation in this situation, the sentence is not set aside or invalidated. See id. The Guidelines permit increasing a defendant's criminal history score based on a prior sentence unless the underlying conviction is shown to be constitutionally invalid. United States v. Guthrie, 931 F.2d 564, 570 (9th Cir.1991); U.S.S.G. § 4A1.2, comment. n. 6 (1990). Therefore, Mugrage's prior sentence may be counted under Section 4A1.1(c) because it has not been vacated or otherwise set aside under state law and is not based on a constitutionally invalid conviction. See Guthrie, 931 F.2d at 570; U.S.S.G. § 4A1.2, comment. n. 6.
 
 
 9
 The district court properly calculated Mugrage's criminal history category as V on the basis of at least four valid prior misdemeanor sentences. See U.S.S.G. §§ 4A1.1(c), 4A1.2, comment. n. 6, 9. We need not determine whether the remaining three contested prior offenses were improperly included in the criminal history calculation because the resulting Guidelines sentencing range would be the same regardless of the outcome of such analysis. See Lopez-Cavasos, 915 F.2d at 476; Munster-Ramirez, 888 F.2d at 1273.
 
 II
 Fed.R.Crim.P. 32
 
 10
 Mugrage contends the district court erred by failing to resolve disputed factual matters or state on the record that those factual matters would not be considered at sentencing, in violation of Fed.R.Crim.P. 32(c)(3)(D).
 
 
 11
 "[W]hen the defendant challenges the factual accuracy of any matters contained in the presentence report, the district court must, at the time of sentencing, make the findings or determinations required by Rule 32." United States v. Fernandez-Angulo, 897 F.2d 1514, 1516 (9th Cir.1990) (en banc) (sentence vacated for failure to comply with Rule 32).[2] Failure to comply with the strict requirements of Rule 32 requires vacation of the sentence and resentencing. Id.
 
 
 12
 Mugrage raised factual objections to the PSR only with regard to the disposition of one of the prior offenses listed in the PSR.[3] Paragraph 24 of the PSR stated that Mugrage entered a plea of guilty to burglary and possession of marijuana charges in Barstow, California in April, 1981, and received two years probation and a $130 fine. Mugrage offered evidence in his objections to the PSR which showed that, in fact, he had pleaded guilty to one count of trespass and was placed on diversion without a guilty plea for the marijuana charge. Despite Mugrage's claim to the contrary, the district court clearly accepted his argument that he had pleaded guilty to trespass, not burglary, because from that point forward, the district court referred to the "trespass" charge in reference to that guilty plea.
 
 
 13
 The district court did not, however, address Mugrage's factual allegation that he had not plead guilty to the marijuana possession count prior to receiving a diversionary sentence, nor did the district court address the discrepancy between the PSR's statement that Mugrage received a term of probation on the marijuana charge despite Mugrage's evidence that he in fact received a diversionary sentence. Therefore, the district court failed to comply with Rule 32(c)(3)(D) on this issue and the sentence must be vacated and remanded even if the district court did not rely on the contested fact. See Fernandez-Angulo, 897 F.2d at 1516-17. In addition, the district court is directed to append to the PSR a written record of its determinations and findings on these controverted issues of fact. See id.
 
 III
 Imposition of the Fine
 
 14
 Mugrage contends the district court erred by imposing on him a $1,000 fine despite the fact that the record established he did not have the ability to pay the fine. Because Mugrage failed to raise this issue below, we decline to consider it for the first time on appeal. See Mondello, 927 F.2d at 1468.
 
 
 15
 AFFIRMED IN PART, VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The PSR identified eight prior sentences when calculating Mugrage's criminal history category. Seven of these prior sentences were for misdemeanors. As required by Section 4A1.1(c), however, only four points were added to the calculation for these offenses. Six other points to which Mugrage does not object were added into the calculation, three points for a prior felony conviction, two points for committing the instant offense while on parole, and one point for committing the instant offense less than two years after release from imprisonment. The resulting 10 points placed Mugrage in criminal history category V
 
 
 [2]
 Fed.R.Crim.P. 32 provides in relevant part:
 If the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing.
 Fed.R.Crim.P. 32(c)(3)(D) (1990).
 
 
 [3]
 All of Mugrage's other objections raised issues regarding the proper interpretation of the Guidelines, not factual inaccuracies, and thus did not implicate Rule 32. See Fed.R.Crim.P. 32(c)(3)(D). These issues are addressed above in Section I