22 Cal.Rptr.3d 382 (2004)
124 Cal.App.4th 1334
The PEOPLE, Plaintiff and Respondent,
v.
Nestor Rivero NORIEGA, Defendant and Appellant.
No. G033521.
Court of Appeal, Fourth District, Division Three.
December 14, 2004.
Deborah A. Kwast, Public Defender and Carol E. Lavacot, Assistant Public Defender for Defendant and Appellant.
Tony Rackauckas, District Attorney and Scott G. Scoville, Deputy District Attorney for Plaintiff and Respondent.

OPINION
MOORE, J.
Does Penal Code[1] section 290's sex offender registration requirement constitute *383 cruel and unusual punishment when applied to a conviction for misdemeanor indecent exposure? (§ 314, subd. (1).) The California Supreme Court recently addressed this issue with regard to a similar misdemeanor provision, possession of child pornography, pursuant to section 311.11. (In re Alva (2004) 33 Cal.4th 254, 14 Cal. Rptr.3d 811, 92 P.3d 311 (Alva).) In Alva, the court concluded, "[M]andatory sex offender registration, as provided by section 290, is not `punishment' for purposes of either the Eighth Amendment [to the United States Constitution] or article I, section 17 of the California Constitution." (Id. at p. 292, 14 Cal.Rptr.3d 811, 92 P.3d 311.) We are bound by this decision. (Auto Equity Sales, Inc. v. Superior Court (1962) 57 Cal.2d 450, 455, 20 Cal.Rptr. 321, 369 P.2d 937.) Thus, the trial court erred by refusing to impose the mandatory sex offender registration requirement triggered by defendant's conviction for misdemeanor indecent exposure. We reverse the trial court's order and remand the matter for further proceedings. In all other respects, the judgment is affirmed.

I

FACTS
On April 20, 2001, Matilda Sanchez, her husband, and her three young children boarded a public bus for a trip to the dentist. While on board, Sanchez noticed Nestor Rivero Noriega (defendant) standing near her family. She described him as a "home-less type person" and stated he was wearing a long black coat. Defendant exited the bus when Sanchez and her family disembarked about 45 minutes later. While Sanchez and her family waited at a bus stop for another bus, she again noticed defendant standing nearby. She watched him as he walked up to another woman, Maria Rodriguez. Sanchez testified defendant's pants were unzipped and his penis was exposed.
Rodriguez testified she noticed defendant when he sat down next to her on the bus stop bench. Defendant said something, but Rodriguez did not understand him. After a couple of minutes, Rodriguez got up and moved away from defendant. She saw him unzip his pants and move his right hand to his crotch, but testified that she did not see his penis.

II

PROCEDURE
A jury convicted defendant of one count of indecent exposure.[2] (§ 314, subd. (1).) The trial court placed defendant on probation for three years, which included the imposition of various terms and conditions. A violation of section 314, subdivision (1) triggers the mandatory registration requirements of section 290. (§ 290, subd. (a)(2)(A).) However, the trial court declined to impose the registration requirement, relying In re King (1984) 157 Cal. App.3d 554, 204 Cal.Rptr. 39 (In re King), a decision from this court.
The prosecution appealed to the Appellate Division of the Orange County Superior Court, which reversed the lower court's ruling and remanded the matter for the further proceedings. A majority of the appellate division of the superior court relied on In re Reed (1983) 33 Cal.3d 914, 191 Cal.Rptr. 658, 663 P.2d 216 (Reed) and *384 People v. King (1993) 16 Cal.App.4th 567, 20 Cal.Rptr.2d 220 (People v. King), a decision from Division One of the First District Court of Appeal. Defendant filed an application for certification to this court, pursuant to California Rules of Court, rule 63. We granted the application and transferred the matter pursuant to California Rules of Court, rule 62 and Code of Civil Procedure section 911.
When a case is transferred from the appellate division of the superior court pursuant to Code of Civil Procedure section 911, the Court of Appeal "shall have similar power to review any matter and make orders and judgments as the appellate division of the superior court would have in the case...." Therefore, we review the trial court's order independently of the appellate division's opinion. (People v. Minor (2002) 96 Cal.App.4th 29, 33, 116 Cal.Rptr.2d 591.)

III

DISCUSSION
Section 290, subdivision (a)(1)(A) imposes a mandatory life-long registration requirement on persons convicted of certain sex-related crimes. Several misdemeanors are included in the list of triggering convictions, including possession of child pornography (§ 311.1, subd. (a)), a first offense of duplicating, producing, or exchanging child pornography (§ 311.3, subds.(a), (d)), first offense of using a minor to distribute child pornography (§ 311.4, subd. (a)), a first offense of possession or control of media depicting child pornography (§ 311.11, subd. (a)), annoying or molesting a child (§ 647.6, subd. (a)), indecent exposure (§ 314, subd. (1)), and encouraging or assisting an act of indecent exposure (§ 314, subd. (2)). (§ 290, subd. (a)(2)(A).)
In Reed, our Supreme Court determined section 290's mandatory registration requirement constituted punishment within the meaning of California's Constitutional proscription against cruel and unusual punishment as it applied to misdemeanor lewd conduct. (In re Reed, supra, 33 Cal.3d at p. 922, 191 Cal.Rptr. 658, 663 P.2d 216.) In reaching this result, the court relied on factors enumerated by the United States Supreme Court in Kennedy v. Mendoza-Martinez (1963) 372 U.S. 144, 83 S.Ct. 554, 9 L.Ed.2d 644: "`Whether the sanction involves an affirmative disability or restraint, whether it has historically been regarded as a punishment, whether it comes into play only on a finding of scienter, whether its operation will promote the traditional aims of punishment  retribution and deterrence, whether the behavior to which it applies is already a crime, whether an alternative purpose to which it may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned are all relevant to the inquiry, and may often point in differing directions.' [Citation.]" (In re Reed, supra, 33 Cal.3d at p. 920, 191 Cal.Rptr. 658, 663 P.2d 216.) The court then applied the proportionality standard set forth in In re Lynch (1972) 8 Cal.3d 410, 105 Cal.Rptr. 217, 503 P.2d 921 and determined "insofar as section 290 requires such registration of persons convicted under section 647(a), it is void under article I, section 17, of the California Constitution." (In re Reed, supra, 33 Cal.3d at p. 926, 191 Cal.Rptr. 658, 663 P.2d 216.) Our decision in In re King likewise held mandatory registration for misdemeanor indecent exposure constituted cruel and unusual punishment and was thus void. (In re King, supra, 157 Cal.App.3d at p. 558, 204 Cal.Rptr. 39.)
A majority of the appellate division of the superior court felt compelled by stare decisis to follow the holding in Reed. *385 However, the appellate division did not find the statute void, as this court did in In re King. Instead, it favored the "case-by-case" analysis set forth in Lynch. The appellate division noted with approval the First District Court of Appeal's adoption of the case-by-case approach in People v. King. Consequently, the appellate division remanded the case to the trial court with instructions to conduct a case-by-case analysis of the facts presented in defendant's case.
The dissenting judge concluded the absolute proscription against mandatory sex offender registration in misdemeanor cases announced in In re King could not be reconciled with the case-by-case analysis utilized in People v. King. Citing this apparent split of authority and the then-pending Alva decision, defendant requested his case be transferred to this court because "In re Alva will undoubtedly settle the question as to the constitutionality of section 290 as it applies to child pornography and may address all misdemeanor crimes that are sexual in nature." We conclude Alva resolves defendant's case adversely to his position.
The defendant in Alva had been convicted of a misdemeanor count of possession of child pornography. (§ 311.11, subd. (a).) As required by section 290, subdivision (a)(2)(A), the trial court ordered Alva to register as a sex offender under subdivision (a)(1) of section 290. Alva appealed on various grounds, including a challenge to the lifetime sex offender registration requirement on the ground it constituted cruel and/or unusual punishment as applied to the facts of his case. The Appellate Division of the Los Angeles Superior Court affirmed the judgment and denied Alva's motion for rehearing, or in the alternative for certification to the Court of Appeal. The Court of Appeal denied Alva's original petition for writ of habeas corpus.
The Supreme Court first granted review and remanded the matter to the Court of Appeal with instructions to order the Los Angeles County Probation Department to show cause "`why the requirement that [Alva] register as a sex offender is not cruel and/or unusual punishment under the United States and California Constitutions. [Citations.]'" (In re Alva, supra, 33 Cal.4th at p. 263, 14 Cal.Rptr.3d 811, 92 P.3d 311.) The Court of Appeal denied habeas corpus relief and discharged the order to show cause. Both parties sought review. The Supreme Court granted respondent's petition.
In its detailed analysis, the Supreme Court reviewed the history of sex offender registration and the various cases addressing the constitutionality of its lifetime registration requirement. The court noted previous decisions that analyzed the issue by first determining whether sex offender registration constituted a form of "punishment" as the term appears in federal and state Constitutional guarantees. The Reed decision relied on the "multifactor test of `punishment' enunciated by the United States Supreme Court in Mendoza-Martinez, supra, 372 U.S. 144, 83 S.Ct. 554, 9 L.Ed.2d 644." (In re Alva, supra, 33 Cal.4th at p. 266, 14 Cal.Rptr.3d 811, 92 P.3d 311, fn. omitted.) However, the Alva court concluded, "Developments since Reed persuade us that [its] analysis is no longer viable." (Id. at p. 268, 14 Cal. Rptr.3d 811, 92 P.3d 311.)
The developments mentioned by the Supreme Court appear to be a deviation from the Reed court's willingness to question the stated Legislative intent, or to perceive a punitive effect where the statute serves other nonpunitive purposes. (In re Alva, supra, 33 Cal.4th at pp. 267-268, 14 Cal. Rptr.3d 811, 92 P.3d 311.) Reflecting on *386 its recent determination that sex offender registration is not punishment for purposes of the state and federal ex post facto clauses in People v. Castellanos (1999) 21 Cal.4th 785, 88 Cal.Rptr.2d 346, 982 P.2d 211, the Alva court noted, "In this regard, the Castellanos lead opinion concluded we should emphasize, more than Reed had done, the regulatory nature of the registration statute, and considering the virtually unanimous out-of-state authority sustaining registration requirements against ex post facto challenges the fact that registration was not historically regarded as punishment." (In re Alva, supra, 33 Cal.4th at pp. 271-272, 14 Cal.Rptr.3d 811, 92 P.3d 311.)
This shift in analytical framework was further supported by the United States Supreme Court in Smith v. Doe (2003) 538 U.S. 84, 123 S.Ct. 1140, 155 L.Ed.2d 164 (Smith). Smith addressed the constitutionality of an Alaska statute that imposed registration and public notification provisions for past crimes. The high court applied the Mendoza-Martinez multifactor test and concluded, "the intent of the Alaska Legislature was to create a civil, nonpunitive regime." (Smith v. Doe, supra, 538 U.S. at p. 96, 123 S.Ct. 1140.) In addition to finding a nonpunitive purpose, the court further considered whether the Alaska statute was punitive in effect. To this end, it focused on the historical view of the regulatory scheme, and whether it imposed an affirmative disability or restraint, promoted the traditional aims of punishment, was excessively punitive with respect to its purpose, and possessed a rational, nonpunitive objective. (Id. at p. 97, 123 S.Ct. 1140.) Ultimately, the majority in Smith concluded the effects of the Alaska statute did not "negate" the Alaska's Legislature's intent to create a civil regulatory scheme. (Id. at pp. 105-106, 123 S.Ct. 1140.)
Applying the Smith analysis, the Alva court reached a similar conclusion with respect to Penal Code section 290: "Thus, by every standard set forth in such cases as Mendoza-Martinez, [People v.] McVickers[, 4 Cal.4th 81, 13 Cal.Rptr.2d 850, 840 P.2d 955 (1992)], [Kansas v.] Hendricks[, 521 U.S. 346, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997)], Castellanos, and Smith, the registration requirement imposed by section 290 is not punishment, but a legitimate, nonpunitive regulatory measure. Moreover, it is clear beyond argument that Reed, supra, 33 Cal.3d 914, 191 Cal.Rptr. 658, 663 P.2d 216, misapplied the Mendoza-Martinez factors to conclude otherwise." (In re Alva, supra, 33 Cal.4th at p. 280, 14 Cal.Rptr.3d 811, 92 P.3d 311.) The California Supreme Court further determined section 290 does not constitute "`punishment' [assuming] some `broader' test [ ] applies to the cruel and unusual punishment clauses in particular." (In re Alva, supra, 33 Cal.4th at p. 280, 14 Cal. Rptr.3d 811, 92 P.3d 311.) Again focusing on the purpose of the statute, as the United States Supreme Court has indicated is appropriate, the Alva court reasoned, "the acts mandated by California's registration law are intended to assist law enforcement to maintain surveillance of recidivist sex offenders, and have no purpose to punish for past misconduct." (Id. at p. 287, 14 Cal.Rptr.3d 811, 92 P.3d 311.) "By providing for the collection of information about the identity and whereabouts of convicted sex offenders, the statute simply makes it harder for such persons to reoffend without getting caught. If deterrence is a natural, probable, and even purposeful consequent of this regulatory scheme, that does not make it punitive." (Id. at p. 288, 14 Cal.Rptr.3d 811, 92 P.3d 311, fn. omitted.) The court was equally unmoved by the burden of a lifetime registration requirement. "Given the `"frightening and high"' danger of long-term recidivism by *387 this class of offenders [citations], the permanent nature of the registration obligation also is designed to serve legitimate regulatory aims." (Id. at p. 289, 14 Cal. Rptr.3d 811, 92 P.3d 311.) Finally, the Supreme Court expressly overruled Reed. (Id. at p. 292, 191 Cal.Rptr. 658, 663 P.2d 216.) Therefore, the appellate division's order must be reversed.
There is no compelling reason to limit the Alva decision to misdemeanor possession of child pornography. The analysis applies with equal force to any of the misdemeanor crimes listed in section 290, subdivision (a)(2)(A). Simply stated, if the lifetime, mandatory sex offender registration requirement of section 290 is not punishment but a nonpunitive regulatory measure, it cannot constitute cruel and usual punishment as that term is defined in our state and federal Constitutions.

IV

DISPOSITION
The trial court's order declining to impose the mandatory sex offender registration requirement of section 290, subdivision (a)(2)(A) is reversed. The matter is remanded to the trial court with instructions to conduct a new sentencing hearing at which time it will impose the registration requirement as provided by law. In all other respects, the judgment is affirmed.
WE CONCUR: O'LEARY, ACTING P.J., and FYBEL, J.
NOTES
[1] All further statutory references are to the Penal Code unless otherwise stated.
[2] Defendant was charged with four counts of violating section 314.1 and one count of violating section 647.6, annoying or molesting a child. The court granted defendant's section 1118 motion to dismiss all but one count of indecent exposure and one count of annoying or molesting a child. The jury found defendant not guilty of annoying or molesting a child.