Kevin Bruce JOHNSON, Plaintiff— Appellant,

v.

Cal A. TERHUNE, Director of CDC, Defendant,

and

Orozco, Correctional Counselor; Hinkle, Correctional Officer; Garcia, Correctional Case Records Manager; Katie Powers; Cynthia Curran; Karen Visser, J. Yarbough; V. Defazio; James Mineau; G.A. Mueller, Defendants—Appellees.

No. 05–15673.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 17, 2006.

Decided June 9, 2006.

Kevin Bruce Johnson, Correctional Training Facility North Facility, Soledad, CA, pro se.

Michael J. Williams, Allen Robert Crown, Esq., Office of the California Attorney General, Department of Justice, Sacramento, CA, for Defendants–Appellees.

Before: KOZINSKI and FISHER, Circuit Judges, and BLOCK,* District Judge.

* The Honorable Frederic Block, Senior United States District Judge for the Eastern District

## MEMORANDUM **

1. The district court did not abuse its discretion by transferring appellant's case to a different judge or by adopting the magistrate's findings and recommendations. *See Johnson v. Reilly*, 349 F.3d 1149, 1156 (9th Cir.2003).

2. Requiring appellant to register as a sex offender did not violate the Ex Post Facto Clause, Double Jeopardy Clause or Cruel and Unusual Punishment Clause because sex offender registration is not punishment. *See Kansas v. Hendricks*, 521 U.S. 346, 368–69, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997); *Hatton v. Bonner*, 356 F.3d 955, 967 (9th Cir.2004). Nor did it violate the Equal Protection Clause; given the danger convicted sex offenders of all stripes pose to society, California had a rational basis for requiring misdemeanants to register that is related to a legitimate governmental interest. *See United States v. Harding*, 971 F.2d 410, 412 (9th Cir.1992).

3. Appellant asserts that appellees violated his Fourth Amendment rights when they erroneously forced him to provide a DNA sample. *See* Cal.Penal Code § 296 (1999). Involuntary collection of DNA is a search, *see United States v. Kincade*, 379 F.3d 813, 821 n. 15 (9th Cir.2004) (en banc), so we must determine whether the state's search was reasonable. *Id.* at 821. Although state law is instructive in this inquiry, *see Reed v. Hoy*, 909 F.2d 324, 330 n. 5 (9th Cir.1990), it is not dispositive. *See also Campbell v. Burt*, 141 F.3d 927, 930 (9th Cir.1998) ("As a general rule, a violation of state law does not lead to liability under § 1983.").

Sex offenders pose a threat to the public, and when they reenter society, they are much more likely to be re-arrested than other offenders. *Conn. Dep't of Pub. Safety v. Doe*, 538 U.S. 1, 4, 123 S.Ct. 1160, 155 L.Ed.2d 98 (2003). We have previously held that the nonconsensual taking of blood samples from conditional releasees does not violate the Fourth Amendment. *See Kincade*, 379 F.3d at 839 ("In light of conditional releasees' substantially diminished expectations of privacy, the minimal intrusion occasioned by blood sampling, and the overwhelming societal interests so clearly furthered by the collection of DNA information from convicted offenders, we must conclude that compulsory DNA profiling of qualified federal offenders is reasonable under the totality of the circumstances."). Prisoners have even lower expectations of privacy than conditional releasees, and the state has an "overwhelming" interest in collection of DNA information from convicted offenders, even if its law does not specifically authorize it. The search in this case was reasonable, and appellees therefore did not violate appellant's Fourth Amendment rights. To the extent that the search may have violated state law, appellant remains free to pursue any state remedies he may have, but he cannot transform an alleged state statutory violation into a constitutional one.

4. A liberty interest protected by due process may arise from the Constitution, or an expectation or interest created by the state. *Wilkinson v. Austin*, 545 U.S. 209, 125 S.Ct. 2384, 2393, 162 L.Ed.2d 174 (2005). But "the touchstone of the inquiry into the existence of a protected, state-created liberty interest in avoiding restrictive conditions of confinement is not

of New York, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

the language of regulations regarding those conditions but the nature of those conditions themselves 'in relation to the ordinary incidents of prison life.' " *Id.* at 2394 (quoting *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995)).

Appellant had no state-created interest in not being classified as a sex offender: California Penal Code section 290 was not limited to felony offenders, and there was conflict in California law regarding whether application of section 290 to misdemeanants violated the Cruel and Unusual Punishment Clause of California's constitution. *Compare In re King*, 157 Cal.App.3d 554, 558, 204 Cal.Rptr. 39 (1984) (requiring certain misdemeanants to register as sex offenders is always cruel and unusual punishment) *with People v. King*, 16 Cal. App.4th 567, 574, 20 Cal.Rptr.2d 220 (1993) (no it isn't); *see also In re Alva*, 33 Cal.4th 254, 292, 14 Cal.Rptr.3d 811, 92 P.3d 311 (2004) (holding, after the events at issue in this case, that misdemeanor sex offender registration is not cruel or unusual punishment because sex offender registration is not punishment).

State law did not authorize seizure of appellant's DNA. *See* Cal.Penal Code § 296. But not all state laws and prison regulations create protected liberty interests; there is a protected liberty interest only if the state imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484, 115 S.Ct. 2293. In *Neal v. Shimoda*, 131 F.3d 818, 829–30 (9th Cir.1997), we held the appellant had a protected liberty interest where classification as a sex offender stigmatized him in the prison population and participation in the mandatory sex offender program was a precondition to eligibility to parole. Here, appellant can point to no stigma in being forced on one occasion to provide a DNA sample. Nor has he been forced to participate in a treatment program like the one in *Neal* or involuntarily committed like the inmate in *Vitek v. Jones*, 445 U.S. 480, 493–94, 100 S.Ct. 1254, 63 L.Ed.2d 552 (1980). Thus appellant has not demonstrated an "atypical and significant hardship" in being forced to provide a DNA sample.

■ 5. We also hold that appellees are entitled to qualified immunity on appellant's claims because any constitutional rights they may have violated were not clearly established. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Throughout the period of appellees' allegedly wrongful conduct, both California and federal law were unclear regarding appellant's claims.

**AFFIRMED.**