Filed 12/8/21  P. v. Taylor CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C088854 |
| Plaintiff and Respondent, | (Super. Ct. No. 18FE011030 ) |
| v. | |
| VINCENT WAYNE TAYLOR, | |
| Defendant and Appellant. | |

After 13.2 grams of methamphetamine was found in his pocket, a jury found defendant Vincent Wayne Taylor guilty of simple possession of a controlled substance, a violation of Health and Safety Code section 11377, subdivision (a) (hereafter, section 11377(a)).  Applying his strike convictions, the court sentenced defendant to a two-year eight-month aggregate term.

On appeal, defendant contends the trial court abused its discretion in denying his motion to sentence his simple possession conviction as a misdemeanor.  He appears to

argue that section 11377(a)'s exemption — making simple possession a felony for those convicted of registrable offenses under Penal Code section 290, subdivision (c) (hereafter, section 290(c)) — does not apply to him, because when he was sentenced for misdemeanor indecent exposure, he was not ordered to register as a sex offender. He also argues that the indecent exposure conviction, which made his current offense a wobbler, was so minor that the trial court's refusal to reduce the felony drug possession conviction to a misdemeanor under Penal Code section 17, subdivision (b) (hereafter, section 17(b)) was an abuse of discretion.

We conclude defendant misreads section 11377(a). As we shall explain, a defendant need not have been ordered to register. Rather, if a defendant's prior conviction is on the list of registerable offenses set forth in section 290(c), it qualifies that defendant for felony conviction under section 11377(a). Consequently, we conclude that because defendant's conviction was for a registerable offense at the time section 11377(a) was amended by Proposition 47, he was validly sentenced to a felony for his drug possession conviction.

We further conclude defendant's argument concerning the purportedly minor nature of his disqualifying sex offense was forfeited for failure raise it in the trial court. And in any event, the error would be harmless on the record before us.

Defendant additionally contends the trial court abused its discretion in failing to dismiss his prior strike convictions, under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*). To that, we conclude the trial court acted within its discretion in declining to strike defendant's prior strikes.

We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

In mid-2018, a search of defendant uncovered a baggie of 13.2 grams of methamphetamine in his pocket, along with five or six additional empty plastic baggies. No items consistent with personal use were found on defendant. And defendant did not

2

appear to be under the influence of methamphetamine or show signs of being a chronic user.  A search of his bedroom, however, uncovered no evidence of drug sales.

At trial, the prosecution's expert testified that a typical dose of methamphetamine is 0.1 grams.  The 13.2 grams defendant had in his possession constituted 132 doses for the average user.  And methamphetamine users typically carry no more than a gram or two.  The expert thus opined that defendant possessed the methamphetamine for sale.

The jury nevertheless found defendant guilty of the lesser included offense of simple possession of a controlled substance (§ 11377(a)).  It also found that defendant had previously been convicted of misdemeanor indecent exposure (Pen. Code, § 314, subd. 1, hereafter, section 314(1)).  The trial court separately found defendant had five prior convictions, including two prior strikes.

At sentencing, the trial court denied defendant's section 17(b) motion to sentence the possession count as a misdemeanor, as well as his *Romero* motion to dismiss the prior strikes.  Defendant was then sentenced to a two-year eight-month term (the low term doubled for the strike).

## DISCUSSION

### I.  The Section 17(b) Motion

Defendant contends the trial court abused its discretion in denying his motion to sentence his simple possession conviction as a misdemeanor.  We disagree.

### A.  Additional Background

Because he was convicted in 1995 of indecent exposure (§ 314(1)), an offense requiring registration as a sex offender under section 290(c), defendant's current offense, possessing methamphetamine, was a wobbler — a crime that could be sentenced as a

misdemeanor or felony at the trial court's discretion. (See § 17(b); § 11377(a)[1]; *People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 974 (*Alvarez*).)

Before sentencing, defendant moved to have his drug possession conviction sentenced as a misdemeanor, pursuant to section 17(b). He argued a felony conviction was inappropriate, "based on a 23-year-old misdemeanor conviction in which he may well have not been ordered to register." In support, he proffered a CJIS[2] printout for his prior sex offense, showing the box for registration requirements was blank and no reference to registration as a condition of probation.[3] Defendant also provided a signed declaration stating that he was never advised that he would have to register, and that he did not accept a plea that required him to register as a sex offender.[4]

The trial court denied the section 17(b) motion. Doing so, it concluded the present offense is a felony despite defendant's insistence he was not ordered to register, because

---

[1] Section 11377(a) provides in pertinent part that simple possession "shall be punished by imprisonment in a county jail for a period of not more than one year, except that such person may instead be punished pursuant to subdivision (h) of Section 1170 of the Penal Code if that person has one or more prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 of the Penal Code *or for an offense requiring registration pursuant to subdivision (c) of Section 290 of the Penal Code*." (Italics added.)

[2] The court file from the indecent exposure conviction had been purged and a transcript of the plea was not available. We take judicial notice that CJIS is an acronym standing for Criminal Justice Information System, a case management computer system used by some California trial courts and criminal justice agencies. (Evid. Code, §§ 452, subd. (d)/(g), 459, subd. (a)/(b).)

[3] However, the probation report for the instant case references a 2013 Static 99 Report done by the California Department of Corrections and Rehabilitation which indicated that defendant is a "290 P.C. registered sex offender" and his score placed him in the "Above Average Risk Category."

[4] The prosecution did not ask to cross-examine defendant on the assertions made in his declaration.

4

the prior indecent exposure conviction is an offense requiring registration.  The court then declined to reduce the felony conviction to a misdemeanor under section 17(b), explaining, defendant had "a substantial amount of controlled substance" that could be "as much as 130 doses."  Therefore, "in the Court's view it's more than simple misdemeanor conduct.  It does qualify . . . as felony conduct simply because of the nature and circumstances of the offense as well as other factors . . . ."  The court cited as "other factors" defendant's "substantial past of criminal convictions and violations of probation."[5]  It then concluded "as to a 17(b) analysis, the question is whether this is

---

[5]  The trial court noted that defendant had two probation violations pending at the time of sentencing.  The probation report set forth the following criminal history:

| Date | Charges | Severity | Sentence |
| --- | --- | --- | --- |
| 07/10/1985 | PC 496- Receiving Stolen Property | Misdemeanor | 2 yrs. probation, 15 days CJ |
| 05/01/1986 | PC 496- Receiving Stolen Property | Misdemeanor | 10 days CJ |
| 11/02/1987 | PC 148- Resisting Arrest | Misdemeanor | 36 mo. probation, 5 days CJ |
| 01/15/1988 | PC 487.2- Grand theft | Felony | 48 mo. probation, 60 days CJ, 16 mo. SP |
| 06/14/1989 | HS 11550- Under Influence of a Controlled Substance | Misdemeanor | 5 yrs. I/P, 90 days CJ |
| 04/06/1990 | PC 12021(a)- Possession of Firearm by a Felon | Felony | 16 mo. SP |
| 01/07/1993 | PC 594- Vandalism | Misdemeanor | 3 yrs. I/P, 60 days CJ |
| 01/28/1994 | PC 273.5(a)- Domestic Abuse | Felony | 5 yrs. F/P, 365 days CJ |
| 10/26/1995 | PC 273.5(a)- Domestic Abuse | Misdemeanor | 3 yrs. F/P, 90 days SWP |
| 11/14/1995 | PC 314.1- Indecent Exposure | Misdemeanor | 3 yrs. I/P, 45 days CJ |
| 07/23/1997 | PC 417(a)(1)- Using | Misdemeanor | 3 yrs. F/P, 365 days |

5

conduct that constitutes misdemeanor or felony conduct and in that respect I do think that it is felony conduct."

## B. Analysis

Subsumed in defendant's argument that felony sentencing was an abuse of discretion, is the contention that because he was not ordered to register — and could not have been ordered to do so under the law existing at the time of his current conviction — his possession conviction could not be sentenced as a felony.

---

| | | | CJ |
|---|---|---|---|
| | Deadly Weapon PC 594(b)(3)- Vandalism | | |
| 08/22/1997 | VC 23152(a)- Driving Under Influence | Misdemeanor | 90 days CJ |
| 06/30/2000 | PC 245(a)(2) w/ PC 12022.53(b), PC 664/211 w/ PC 12022.5(a), PC 245(a)(2), and PC 12021(a)- Assault with Deadly Weapon with Firearm Enhancement; Attempted Robbery with Firearm Enhancement; Possession of Firearm by a Felon. | Felony | 18 yrs. SP |
| 04/13/2017 | VC 23152(b) w/ PC 23578 (20% BAC)- Driving Under Influence with Excessive Blood Alcohol enhancement | Misdemeanor | 3 yrs. I/P, 8 days CJ + 4 days CJ in lieu of fines |
| 09/07/2017 | VC 23152(b)- Driving Under Influence VC 14601.2(a)- Driving with Suspended License | Misdemeanor | 4 yrs. I/P, 80 days CJ |

6

### 1. Section 17(b) Principles

Section 17(b) authorizes the reduction of "wobbler" offenses, in the trial court's discretion, from felonies to misdemeanors. (*Alvarez, supra*, 14 Cal.4th at p. 974.) In deciding whether to exercise discretion under section 17(b), our high court has said the trial court should consider "the nature and circumstances of the offense, the defendant's appreciation of and attitude toward the offense, or his traits of character as evidenced by his behavior and demeanor at the trial." (*Id*. at p. 978.) The court "must undertake 'an intensely fact-bound inquiry taking all relevant factors, including the defendant's criminal past and public safety, into due consideration; and the record must so reflect.' " (*People v. Dryden* (2021) 60 Cal.App.5th 1007, 1028 (*Dryden*), quoting *Alvarez*, at pp. 981-982.) The record of such consideration, "should reflect a thoughtful and conscientious assessment of all relevant factors including the defendant's criminal history." (*Alvarez*, at p. 979.) "Courts may also consider the sentencing objectives set forth in California Rules of Court, rule 4.410. [Citation.] Those include protecting society, punishing the defendant, deterring crime, encouraging the defendant to lead a law-abiding life, and preventing the defendant from committing new crimes. [Citation.] The trial court's discretion under [section 17(b)] is broad, and it will not be disturbed on appeal unless it is clearly shown the decision was irrational or arbitrary. [Citation.] Absent such a showing, we presume the trial court acted to achieve legitimate sentencing objectives." (*Dryden*, at pp. 1027-1028, citing *Alvarez*, at pp. 977-978.)

### 2. Registerable Sex Offense Exemption

Defendant's possession conviction was properly made a felony by virtue of the prior indecent exposure conviction. Methamphetamine possession under section 11377(a) becomes a felony if the defendant "has one or more prior convictions . . . for *an offense requiring registration pursuant to subdivision (c) of Section 290* of the Penal Code." (Italics added; see fn. 1, *ante*.)

7

Though defendant maintains he was not told to register, nothing in the applicable statutes requires proof that a defendant was actually ordered to register when he was convicted of the registerable offense.  Section 11377(a) cross-references two statutory provisions that list a number of different offenses:  Penal Code section 667, subdivision (e)(2)(C)(iv), sometimes referred to as superstrikes, and the list of mandatory sex registration offenses in section 290(c).  This cross-referencing is, no doubt, a shorthand way of referring to each listed offense in these statutory provisions without having to relist all of them in section 11377(a).  Given a plain reading of the statutory language it is apparent the electorate sought to allow felony treatment for anyone convicted of a cross-referenced offense.  Had the electorate wanted to make registration a requirement, it could have easily done so by stating a drug possession conviction may be a felony where the defendant was required to register as a sex offender.  Instead, the electorate focused on whether the offense requires registration.  Thus, the resolution of this issue turns on whether the prior conviction was for a qualifying sex offense listed in section 290(c) at the time Proposition 47 was enacted, not whether a defendant is actually ordered to register when he was sentenced.  Accordingly, under the plain language of the statute, defendant's possession conviction is properly a felony.

Defendant appears to argue that, based on application of the federal and state constitutional prohibitions against cruel and/or unusual punishment in *In re King* (1984) 157 Cal.App.3d 554 and *People v. King* (1993) 16 Cal.App.4th 567, existing law at the time of his misdemeanor indecent exposure conviction permitted a court to order lifetime registration "only if the facts of the case were egregious enough to warrant such a severe penalty."  Because, according to defendant, the underlying facts of his indecent exposure conviction were "minor," the sentencing court could not have ordered lifetime registration.

But as we have noted, the sole question here, based on the language of section 11377(a), is whether misdemeanor indecent exposure was on the list of registerable

8

offenses under section 290(c) *at the time the electorate enacted Proposition 47.* It was the then existing list of offenses the electorate saw as serious enough to allow felony treatment of simple drug possession offenses, and by that time, misdemeanor indecent exposure was once again an offense requiring mandatory registration under section 290(c) — *In re King, supra*, 157 Cal.App.3d 554, and *People v. King, supra*, 16 Cal.App.4th 567, were no longer in play. This is because in 2004, the California Supreme Court in *In re Alva* (2004) 33 Cal.4th 254, concluded that mandatory sex offender registration under Penal Code section 290 is not punishment for purposes of the federal and state prohibitions against cruel and/or unusual punishment. (*Id.* at p. 292 [mandatory registration for misdemeanor conviction of possession of child pornography did not violate constitutional prohibitions]; see also *People v. Noriega* (2004) 124 Cal.App.4th 1334, 1337, 1342 [applying *Alva* to misdemeanor indecent exposure].) Thus, in 2014, when the section 11377(a) exemption for automatic misdemeanor treatment related to the section 290(c) mandatory registerable sex offenses was enacted as part of Proposition 47, there was no constitutional bar to lifetime registration for misdemeanor indecent exposure. Consequently, defendant's prior conviction exempted him from automatic misdemeanor treatment, and felony punishment for simple drug possession was authorized under section 11377(a).

### 3. Consideration of the Nature and Circumstances of the Prior Conviction

On appeal defendant also argues, for the first time, that his prior sex offense was minor and the trial court failed to properly consider that factor as part of its section 17(b) analysis. As *Alvarez* teaches, in deciding a section 17(b) motion, courts must undertake "an intensely fact-bound inquiry taking all relevant factors, *including the defendant's criminal past* and public safety, into due consideration." (*Alvarez, supra*, 14 Cal.4th at pp. 981-982, italics added; *Dryden, supra*, 60 Cal.App.5th at p. 1028.) Thus, a trial court should consider the circumstance of the conviction for the offense listed in section 290(c). In our view, this is similar to one of the factors courts consider when deciding to

9

dismiss prior strike allegations:  courts must consider the nature and circumstances of prior strike offenses.  (*People v. Williams* (1998) 17 Cal.4th 148, 161 (*Williams*).)  And "since all discretionary authority is contextual, those factors that direct similar sentencing decisions are relevant" here.  (*Alvarez*, at p. 978; *People v. Gallardo* (2017) 17 Cal.App.5th 547, 562.)

But no case had previously addressed this situation where a prior conviction impacts whether a felony wobbles down to a misdemeanor pursuant to section 17(b).  In the absence of a specific mandate to consider the nature and circumstances of the prior qualifying conviction, it can hardly be said that the trial court abused its discretion in failing to do so.  Defendant's section 17(b) motion primarily focused on the claim that he was not ordered to register for his indecent exposure conviction.[6]  He never mentioned the claim he now makes, that the underlying facts were "minor."  Given that there was no express guidance mandating the trial court to consider the nature of the prior registerable conviction in the exercise of its discretion in this context, it was up to defendant to ask the court to do so.  He did not, so the argument is forfeited.  (See *People v. Carmony* (2004) 33 Cal.4th 367, 375-376 (*Carmony*) [failure to invite the court to dismiss strike allegations under Penal Code section 1385 forfeits his right to raise the issue on appeal]; *People v. Scott* (1994) 9 Cal.4th 331, 352-353 [defendant forfeits challenge related to trial court's failure to properly make or articulate its discretionary sentencing choices when no objection was made in the trial court].)

Even if the trial court erred in not considering sua sponte the underlying circumstances of defendant's prior indecent exposure conviction, the error was harmless

---

[6]  He also argued that since he would no longer be mandated to register for life based on a change in the law, effective January 1, 2021, the court should also take that into consideration.

given the nature of defendant's indecent exposure conviction, his criminal record, and the facts underlying this case.

As the probation report in the current case described that offense, the victim's boyfriend reported defendant had been watching the victim whenever she walked outside. One day, defendant "stood in his front window," and while looking at the victim, "began stroking his penis." Also, according to the boyfriend, twenty days before that, when the victim was washing the car, defendant drew his curtains from inside his home, sat on a stool in front of his window, and masturbated while watching her. So, defendant's conduct appeared to be ongoing and actually was observed twice. Nothing in the nature of that prior offense would render the trial court's current sentencing decision irrational. Indeed, had the trial court considered the underlying facts of defendant's indecent exposure conviction, it likely would have also considered his "Above Average Risk" score on the 2013 Static 99 test referenced in the probation report. (See fn. 3, *ante*.)

Moreover, section 17(b) analysis requires consideration of a defendant's criminal past. (See fn. 5, *ante*.) As we have noted, the trial court considered this circumstance.

Furthermore, the nature of the current offense, at the very least showed a particularly aggravated form of drug possession. As the trial court noted, defendant possessed a "substantial amount" of methamphetamine, estimated at approximately 130 doses, which is far from a simple possession.

We conclude the failure to consider the nature and circumstances of the prior indecent exposure conviction, if error, was harmless.

## II. *Romero* Motion

Defendant contends the trial court abused its discretion in denying his *Romero* motion. We disagree.

### A. Additional Background

Defendant moved to strike one or both of his prior strikes. The strikes arose from convictions in 2000 for assault with a deadly weapon (Pen. Code, § 245, subd. (a)(2)) and

11

attempted robbery with a firearm (Pen. Code, §§ 664/211). According to the probation report, defendant and another man had approached two victims. Defendant drew a gun and told the first victim, "Dude, break yourself." He then shot once at the first victim, and when that victim bent over, he shot two or three more times before that victim ran across the street. The first victim suffered gunshot wounds to both legs. Defendant then approached the second victim, pointed the revolver at him, and told him to take off his boots and jacket. Defendant then fled as a police car drove by. Defendant was ultimately sentenced to 18 years in prison.

Seeking to dismiss the strikes, the defense argued that sentencing defendant to six years for personal possession was cruel and unusual, his strikes were from one incident of aberrant behavior ("[h]e has committed no other acts of violence or sexual assaults since [the conviction 19 years ago]"), and his current offense involved neither victims nor violence.

The trial court denied the motion. It explained that it had "considered the nature and circumstances" of the current offense, the prior strikes, including "the actual and threatened violence in the prior convictions at issue as well as the age of the prior convictions," and "the defendant's overall criminal history which . . . is substantial in this case." While acknowledging the age of the strikes, the court noted that defendant had been incarcerated for the majority of the time since then. It concluded "it would not be in the interest of justice to dismiss the prior convictions."

The court did, however, strike defendant's three prior prison term allegations noting, "this is simple possession, the lesser crime to Count 1."

### B. Analysis

On appeal, defendant argues that in denying his motion, the trial court both abused its discretion and used incorrect criteria in so deciding. He reasons that the court erroneously rested its decision "primarily on [defendant's] criminal history," and failed to

12

fully consider the nature and circumstances of his present offense, as well as other "individualized considerations."

In deciding whether to dismiss a prior strike and in reviewing such a ruling, courts must consider whether the defendant falls outside the scheme's spirit in light of three factors: (1) the "nature and circumstances of [the] present felonies;" (2) the nature and circumstances of the "prior serious and/or violent felony convictions;" and (3) "the particulars of [the defendant's] background, character, and prospects." (*Williams, supra*, 17 Cal.4th at p. 161.)

We review the trial court's refusal to strike a prior strike for abuse of discretion. (*Carmony, supra*, 33 Cal.4th at p. 374.) An abuse of discretion occurs in limited circumstances, such as where the court is unaware of its discretion to dismiss, the court considers impermissible factors, or where the decision is so irrational or arbitrary that no reasonable person could agree. (*Id*. at pp. 377, 378.) "Because the circumstances must be 'extraordinary . . . by which a career criminal can be deemed to fall outside the spirit of the very scheme within which he squarely falls once he commits a strike as part of a long and continuous criminal record, the continuation of which the law was meant to attack' [citation], the circumstances where no reasonable people could disagree that the criminal falls outside the spirit of the three strikes scheme must be even more extraordinary." (*Id*. at p. 378.) Merely showing that reasonable people might disagree about whether to strike a prior conviction is insufficient. (*Ibid*.)

Here, based on our review of the evidence and the *Williams* factors, the trial court acted within its discretion in denying the *Romero* motion. The trial court considered the nature and circumstances of the current offense. It noted defendant had "as much as 130 doses . . . a substantial amount of illegal drugs . . . ."

As to the nature and circumstances of the prior strikes, defendant's attempt to rob the two victims — firing three to four shots, shooting one in both legs — was a particularly violent and heinous act.

13

And as to his background, character, and prospects for the future, the trial court cited defendant's lengthy history of convictions. (See fn. 5, *ante*.) And while defendant had urged that the conduct giving rise to his prior strikes was an incident of aberrant behavior, occurring 19 years ago, the trial court correctly noted that since then, there was no significant time where defendant was not incarcerated. Indeed, defendant was on probation when he committed his current offense.

In short, nothing in the record indicates "individualized considerations" exist that render the trial court's ruling an abuse of discretion. Nor are there "extraordinary circumstances" warranting the conclusion that no reasonable person could disagree that the defendant falls outside the spirit of the three strikes scheme. (*Carmony, supra*, 33 Cal.4th at p. 378.)

The trial court acted within its discretion in refusing to strike defendant's *Romero* motion.

## DISPOSITION

The judgment is affirmed.

/s/
Murray, J.

We concur:

/s/
Robie, Acting P. J.

/s/
Mauro, J.

14